Harris and another *v.* Hess and another.[*]

(*Circuit Court, S. D. New York.* January 27, 1882.)

1. PRACTICE—INTERPLEADER—DEPOSIT OF AMOUNT CLAIMED.

The provision of section 820 of the New York Code of Civil Procedure, whereby a defendant against whom an action upon contract is pending may, before answer, upon proof that a person, not a party to the action, makes a demand against him for the same debt, be discharged from liability to either by paying into court the amount of the debt, has been adopted into the practice of the United States courts for the districts of New York, under section 914 of the Revised Statutes of the United States.

2. SAME—JURISDICTION—SUBSEQUENT ACTION IN STATE COURT.

The jurisdiction of a United States court in an action pending in it, after notice of motion by defendant for an order to substitute as defendant a person making a demand for the same debt as that sued for in the action, and to release the defendant, upon his paying into court the amount of the debt, from liability to either that person or the plaintiff, cannot be affected by a subsequent action brought in a state court by such person against the defendant.

*James S. Stearns,* for plaintiffs.

*Lauterbach & Spingarn,* for defendants.

*Moore, Low & Sanford,* for Hanover Bank.

BLATCHFORD, C. J. The defendants, on behalf of the plaintiffs, sold to the Hanover National Bank a promissory note, not overdue,

[*]Reported by S. Nelson White, Esq., of the New York bar.

and received from that bank the purchase price, and delivered the note to the bank. The defendants gave to the plaintiffs a check on a bank for the proceeds of the note, less $3.77 commission. Before the check was presented to the bank or paid, the Hanover Bank, having ascertained that when the note was sold the makers of it, a firm in New Orleans, had suspended payment, notified the defendants of the fact, and tendered the note back to them, and demanded back the purchase money. Thereupon the defendants stopped the payment of the check. The plaintiffs, citizens of Pennsylvania, then brought this suit in this court against the defendants, citizens of New York. The Hanover National Bank appears by the papers to be a corporation doing business in the city of New York, and having its place of business in that city, and to be a banking association created by and under the laws of the United States. It is, therefore, to be regarded as a citizen of New York. This suit is a suit on the check which the defendants gave to the plaintiffs, and the amount sought to be recovered is $1,486.41, with interest from November 29, 1881. The amount of the claim of the Hanover Bank against the defendants is $1,490.18, with interest from November 30, 1881. This suit was commenced December 19, 1881.

It is provided, by section 820 of the New York Code of Civil Procedure, that a defendant, against whom an action to recover upon a contract is pending, may, at any time before answer, upon proof by affidavit that a person not a party to the action makes a demand against him for the same debt, without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt; and that the court may, in its discretion, make such an order. This is a proceeding in a suit at law to substitute one defendant for another. It is a proceeding adopted by section 914 of the Revised Statutes. The defendants, before answer, served on the Hanover Bank and on the attorney for the plaintiffs, on the tenth of January, 1882, the proper papers, with notice of an application to be made to this court on the thirteenth of January to substitute the Hanover Bank in the place of the defendants, and to discharge the defendants from liability to either the plaintiffs or the Hanover Bank concerning the claim or debt mentioned in the complaint herein, on the defendants paying into this court $1,486.41. The application was adjourned by consent from January 13th to January 20th, and was made on the latter day. On January 19th or 20th the Hanover Bank

commenced a suit against the defendants in a court of this state to recover the said $1,490.18, with interest from November 30, 1881. The defendants are willing to pay into court $1,490.18, with interest from November 29, 1881.    Both the plaintiffs and the Hanover Bank oppose the application.

The defendants have the money which they received from the Hanover Bank.    It is claimed by each of the two parties.    It is claimed directly by the Hanover Bank as the money which it paid to the defendants; and, although the suit in this court is brought on the check, yet it is really a suit to recover the money which the Hanover Bank paid to the defendants as being the money of the plaintiffs. The plaintiffs can be in no better position, as regards the real transaction, than if no check had been given.    The check was given under a mistake of fact.    The rights of the plaintiffs as against the money and the defendants, and as against the claim of the Hanover Bank to the money, are no different now from what they would be in a suit by the Hanover Bank against the plaintiffs to recover back from them money paid by the plaintiffs to them directly as the purchase price of the note.    Whether the plaintiffs or the Hanover Bank have the better right to the money is a question not to be settled on this application.    The defendants are not questioning the title of the plaintiffs to the note; and, as to the money, the defendants are mere stakeholders.

The case is clearly one within the state statute.    The application has relation back to the time when notice of making it was served, and the bringing of the suit in the state court subsequently by the Hanover Bank cannot affect the jurisdiction of this court to grant the application.    It is granted, and the order to be made will be made *nunc pro tunc*, as of the day for which the application was first noticed. The amount to be deposited in court will be $1,490.18, with interest from November 29, 1881.