McGONIGLE, Administratrix, Respondent, vs. GRYPHAN and another, Appellants.

*January 8—April 1, 1930.*

For the appellants there was a brief by *Hoyt, Bender, Trump, McIntyre & Hoyt* of Milwaukee, and oral argument by *Rodger M. Trump.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham,* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

The following opinion was filed February 4, 1930:

STEVENS, J.   The appeal presents the single question whether the plaintiff can maintain this action after accepting an award under the workmen's compensation act.

At an early date doubt was expressed whether an action would lie in favor of one employee against a co-employee for injuries caused by the latter's negligence.   18 Ruling Case Law, p. 540.   But Wisconsin, in common with most other states, has adopted the rule that, if one co-employee negligently injures his fellow employees, "it is no defense, in a suit against him, to assert that they are both employed under one master."   *Lawton v. Waite,* 103 Wis. 244, 255, 79 N. W. 321.   "Co-employees, in their inter-employee rela-

tion, occupy as to each other the status of independent contractors. They owe the common-law duty of due care in the discharge of their duties. Each has a separate contract of employment, though each is paid by the same master. As to the master they may be fellow-servants, but as to each other they are not servants. Their relation is separate and independent, and if one is injured by the other, the injured servant may bring an action for damages against the injuring servant." *Zimmer v. Casey,* 296 Pa. St. 529, 533–4, 146 Atl. 130. Not only did one employee have the right to sue his fellow employee in tort, but the master, when liable for the tort of his servant, had a right to exoneration from the servant whose negligent act had subjected him to liability. *Robertson v. Paducah,* 146 Ky. 188, 142 S. W. 370, 40 L. R. A. N. s. 1153; 6 Ruling Case Law, p. 1058.

Under the express provisions of sec. 102.29 of the Statutes this action is maintained for the purpose of exonerating the master as well as compensating the dependents of the deceased employee.

The fact that the plaintiff has accepted compensation under the workmen's compensation act does not bar her right to maintain this action, because the compensation act does not affect the right to maintain any common-law action for tort except those in which the parties sustained toward each other the relationship of employer and employee. The workmen's compensation act deals exclusively with the relationship of employer and employee. "In all cases that do not come within the provisions of the workmen's compensation act the injured employee may still resort to an action in tort to enforce his rights against one, other than his employer, who he alleges was guilty of negligence proximately causing his injuries." *Cermak v. Milwaukee Air Power Pump Co.* 192 Wis. 44, 46, 211 N. W. 354.

Appellant contends that by the use of the phrases "other party" and "third party" in sec. 102.29 of the Statutes the legislature evidenced an intent to limit recovery to those cases

in which the tortfeasor was one who was "outside the four walls of the industry" in which the injured person was employed. The statute contains nothing outside the fact that these phrases are used that would evidence any legislative intent to limit rights of action that existed under the common law when the workmen's compensation act was passed. On the other hand it is clear from a consideration of the whole act that it did not affect rights of action which existed under the common law in any cases except those in which the parties involved sustained toward each other the relationship of employer and employee.

The phrase "third person" is used in similar statutes in the workmen's compensation acts of other states. So far as we have been able to find, this phrase has always been construed to include all who do not occupy the relationship of employer and employee. *Zimmer v. Casey,* 296 Pa. St. 529, 536–7, 146 Atl. 130; *Churchill v. Stephens,* 91 N. J. L. 195, 102 Atl. 657, 658; *Behr v. Soth,* 170 Minn. 278, 212 N. W. 461, 463. See, also, *Webster v. Stewart,* 210 Mich. 13, 177 N. W. 230, 231. "When the term 'third party' is mentioned in the workmen's compensation act, it means any person other than the master, or those whom the act makes master, and the employee who is seeking compensation under their agreement. The act is careful to preserve the status of a third person by not defining the term; so the presumption must be that the law as to third persons in every respect stands as it was before the act." *Zimmer v. Casey,* 296 Pa. St. 529, 538–9, 146 Atl. 130.

To hold that a fellow-servant is not liable for his tortious acts in such an action as the one at bar would, to use the words of Lord Chancellor LOREBURN, "mean a free hand to everybody to neglect his duty toward his fellow-servant, and escape with impunity from all liability for damages for the consequences of his own carelessness or neglect of duty." *Lees v. Dunkerley Bros.* 103 L. T. Rep. 467, 468. This is

not the law.   Tortfeasors do not escape liability for their negligent acts merely because the result thereof is injury to a fellow-servant rather than to some other person.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 1, 1930.