**GREAT ATLANTIC & PACIFIC TEA CO.**
**v. BOYLES et al.**
**No. 6832.**

Circuit Court of Appeals, Third Circuit.

Feb. 14, 1939.

Chas. E. Kenworthy, of Philadelphia, Pa., for appellant.

Laurence H. Eldredge and Montgomery & McCracken, all of Philadelphia, Pa. (James Weinroth, of Cecilton, Md., and Philip C. Pendleton, of Philadelphia, Pa., of counsel), for plaintiffs-appellees.

Arthur P. Bretherick, of Darby, Pa., for appellee Borough of Darby.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

The plaintiffs, May Boyles and George W. Boyles, her husband, brought suit in the court below against the Borough of Darby to recover for injuries sustained by

Mrs. Boyles while walking upon a defective sidewalk in front of 872 Main Street, Darby. Under the Pennsylvania procedure then followed in the court below the borough brought in by writs of scire facias Jennie Gottlieb Bron and the Great Atlantic and Pacific Tea Company (hereinafter called the A. & P.) as additional defendants, the former being the owner and the latter the tenant of the abutting premises. The case was tried twice. At the first trial the jury disagreed. At the second trial, however, the jury rendered a verdict in favor of the plaintiffs against the borough and the A. & P. At the same time the jury found in favor of Mrs. Bron, the third defendant. The A. & P. had submitted a point for a directed verdict in its favor which had been reserved by the trial judge and the verdict was received subject to the point of law so reserved. Thereafter the A. & P. moved for judgment in its favor upon the reserved point. From a refusal of the court to grant such a judgment it took the present appeal.

The appeal raises the question whether the evidence, taken in the light most favorable to the plaintiffs, supports the verdict against the A. & P. The latter concedes that in view of the evidence which was produced the verdict has, for the purposes of this appeal, conclusively established the existence of the defect in the sidewalk, the negligence of the borough in failing to repair it, and the fact that Mrs. Boyles, without any contributory negligence on her part, was injured by reason of the defect. Consequently the only question which we need consider is whether the A. & P., as tenant of the premises abutting upon the defective sidewalk, is also liable to the plaintiffs because of its failure to repair the defect.

Although the general rule appears to be otherwise (Restatement, Torts, § 349) it is settled in the law of Pennsylvania that the owner or tenant in possession is primarily required to keep in repair the pavement of the footway or sidewalk in front of the property owned or occupied by him and is liable for his negligence in failing to perform this duty if injury results therefrom. Mintzer v. Hogg, 192 Pa. 137, 43 A. 465; McLaughlin v. Kelly, 230 Pa. 251, 79 A. 552, 50 L.R.A.,N.S., 305; Restatement, Torts, Pa.Annot. § 349. The liability is based upon the fact of possession and it extends not only to a tenant but also to a mere occupier. Bears v. Ambler, 9 Pa.

193. The liability of the municipality in such a case is secondary (Philadelphia v. Reading Co., 295 Pa. 183, 145 A. 65) and if recovery is had against a municipality by reason of a defect in a sidewalk the property owner or tenant, as the case may be, is liable over for the amount of the recovery. Philadelphia v. Merchant & Evans Co., 296 Pa. 126, 145 A. 706.

In the case before us the A. & P. was admittedly a tenant of the first floor and basement of the building which abutted upon the defective sidewalk. It contends, however, that it is absolved from liability under the rule just referred to because of the fact that, while it admittedly was tenant of the first floor and basement of the building, it was not the tenant of the two upper floors, and consequently was not liable in the light of the qualification to that rule that a tenant to be responsible for the sidewalk must be in exclusive possession of the entire building abutting upon it. We think that there is serious doubt whether the Pennsylvania courts have so qualified the general rule, however. While in Baxter v. Borough of Homestead, 120 Pa.Super. 182, 182 A. 68, the Superior Court of that state did intimate that a tenant would not be liable unless he was in possession of the entire premises, it also appears that both that court and the Supreme Court have indicated that if a tenant occupies the first floor of the building he may be liable for a defective sidewalk even though other tenants occupy the remainder of the building. Cooker v. Great A. & P. Co., 120 Pa.Super. 239, 182 A. 71; Bruder v. Philadelphia, 302 Pa. 378, 153 A. 725.

We need not decide this question, however, since the court below charged the jury that they would not be justified in finding a verdict against the A. & P. unless they found that in truth and fact it was occupying the whole of the premises. The verdict of the jury therefore established this to be the fact and the finding is binding on the A. & P. if there was evidence to support it.

The evidence disclosed that the written lease of the A. & P. covered only the first floor and the basement. It appeared, however, that from the commencement of its tenancy in July, 1926, until the date of the accident no other tenant had occupied the second and third floors. The rear entrance to the building had been completely boarded up and the front entrance into

the A. & P. store on the first floor was the only entrance to the entire building. Access to the upper floors could be had only through the A. & P. store. The A. & P. had also boarded up the second floor windows and had removed and disconnected all the heating radiators in the second and third floors. It used both the second and third floors for the storage of various supplies and merchandise. The toilet on the second floor was used by its employees. All this was done with the knowledge and consent of Mrs. Bron, the owner of the building.

This evidence, in our opinion, was amply sufficient to support the finding that the A. & P. was in possession of the entire building. Indeed it would fully warrant a finding that the A. & P. had possession of the upper floors as tenant at will of Mrs. Bron. It follows that the evidence supported the verdict.

Affirmed.