**BOSSARD et ux. v. McGWINN et al.**

**No. 5.**

District Court, W. D. Pennsylvania.

March 23, 1939.

Jos. V. Agresti, of Erie, Pa., for plaintiffs.

Brooks, Curtze & Silin, of Erie, Pa., for McGwinn.

Hosbach & Gleeten, of Erie, Pa., for third-party defendant.

SCHOONMAKER, District Judge.

This is an action originally brought in the Court of Common Pleas of Erie County, Pennsylvania, by plaintiffs to recover from the defendant McGwinn damages for personal injuries alleged to have been received by plaintiff, Elsie M. Bossard, when she was riding as a passenger in an automobile owned and operated by the third party defendant Siegel, which came into collision with an automobile driven by the defendant McGwinn. This collision, Mrs. Bossard alleged, was caused by the negligence of the defendant McGwinn.

McGwinn is a citizen of the State of Ohio. The amount in controversy is over $3,000 exclusive of interest and costs. On the petition of McGwinn the case was removed into this court.

Whereupon, the defendant McGwinn filed a motion in this court under Rule 14 (a) of the New Rules for Civil Procedure, 28 U.SC.A. following section 723c, to make John W. Siegel, the driver of the car in which the plaintiff, Elsie M. Bossard, was riding at the time of the collision, a third-party defendant, and for leave to serve a summons and complaint on John W. Siegel, a person who is not a party to the action, and who is, or may be, liable to the defendant McGwinn, or to the plaintiffs, for all or part of the plaintiffs' claim against the defendant McGwinn. The court granted this motion.

Siegel, a resident of this District, was served with a summons and complaint under this rule, has appeared specially, and moved that the summons and complaint making him a third-party defendant be quashed. This motion to quash is based on the fact that the plaintiffs and the third-party defendant Siegel are both residents of Pennsylvania in this District. Of course, this court would have no original jurisdiction of a suit by plaintiffs against Siegel.

As we construe Rule 14 as to third parties, the third-party claim is not to be regarded as such a claim as requires independent jurisdictional grounds, but as an ancillary claim to the original suit. Before the new rules even, this ancillary jurisdiction was applied in equity in the Federal court. See Alexander v. Hillman, 296 U.S. 222, 56 S. Ct. 204, 80 L.Ed. 192. This law-suit was properly removed to the Federal Court, and the litigation will not be completely terminated unless the defendant is allowed to implead the third-party defendant Siegel without showing independent jurisdictional grounds, and without meeting the venue requirements of an independent action. Had the case remained in the state court, there is no doubt, under the Pennsylvania law, that Siegel might have been brought in by a writ of scire facias as a third-party defendant. It would seem that when this controversy was removed to the Federal Court, the entire suit was transferred to it, with jurisdiction to decide all the matters in controversy.

It has heretofore been held by the Supreme Court that where jurisdiction of a Federal Court has fully attached against the tenant in possession of land in an action of ejectment, the substitution of the landlord as defendant will in no way affect that jurisdiction, although the landlord be a citizen of the same state with the plaintiff. Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93.

Similarly, in a case in the United States Circuit Court for the Southern District of New York, in which a citizen of Pennsylvania sued a citizen of New York on a claim for money alleged to be due plaintiffs on a check given by defendants on the Hanover National Bank, a citizen of New York, and the defendants impleaded the bank under Section 820 of the New York Code of Civil Procedure, because the bank claimed to be entitled to the money for which the plaintiffs were bringing suit, the District Court held it had jurisdiction on the payment by defendants of the money into court to substitute the bank as the party-defendant. See Harris v. Hess, C.C., 10 F. 263.

We therefore shall deny the third-party defendant's motion to quash the service of summons and complaint on him, and require him to answer, as required by Rule 12 of the Rules of Civil Procedure. An order may be submitted accordingly.