### CRUM v. APPALACHIAN ELECTRIC POWER CO. et al.
### No. 15.

District Court, S. D. West Virginia, at Huntington.

April 3, 1939.

E. A. Marshall, of Huntington, W. Va. (Fitzpatrick, Brown & Davis, of Huntington, W. Va., on the brief), for Winisle Coal Co.

N. D. Waugh and Mark T. Valentine, both of Logan, W. Va., for Appalachian Electric Power Co.

R. H. Casto, of Logan, W. Va., for Crum.

McCLINTIC, District Judge.

Plaintiff brought suit in the Circuit Court of the County of Logan, in the Southern District of West Virginia, against the Appalachian Electric Power Company for damages for the death of Jack Crum, alleging negligence on the part of the defendant. The defendant, Power Company, by reason of diversity of citizenship (it being a corporation of the State of Virginia), removed the case to the District Court of the United States.

Then the defendant and third-party plaintiff, Power Company, before the service of its answer, moved ex parte for leave as third-party plaintiff to serve a summons and complaint upon the Winisle Coal Company, not a party to the original action, which was or may be liable to it or to the plaintiff for all or part of the plaintiff's claim against it.

The third-party defendant was duly served with the process and complaint, and it appeared and moved to dismiss the action against it on the ground that it, the Winisle Coal Company, was a citizen of the State of West Virginia, of which also the plaintiff was a citizen, and that there was no diversity of citizenship that would permit it to be made the third-party defendant.

The Winisle Coal Company claimed that under Rule 8 and under Rule 82 of the new Federal Court Rules, 28 U.S.C.A. following section 723c, there was no jurisdiction in this court to entertain a claim in this action against it. The Power Company claimed that under Rule 14 it was not required that the third-party defendant be a citizen of another state from the plaintiff; that the controversy primarily, as to liability for the death of Jack Crum, lay between the Power Company and the Coal Company, although it was admitted that if the plaintiff should recover judgment against the defendants, the judgment would be against both the Power Company and the Coal Company. The allegations of the third-party plaintiff complaint were to the effect that the Power Company was not negligent and that the Coal Company was negligent, and its negligence was the pri-

mary cause of the death of the decedent, Jack Crum.

The Power Company has wires running into the property of the Coal Company and furnishes power to the Coal Company for its use under the conditions of a contract between them. It further alleged that the Coal Company hired a boy fifteen years old, contrary to the statutes of the State of West Virginia, Code W.Va.1931; 21-6-2, and with full control over him put him in a dangerous place, and that his death was caused by the act of the Coal Company.

The question for consideration is whether the motion of the Coal Company to dismiss should be sustained or overruled.

Without going into a long discussion of the case, I can only say that the question arising under Rule 14 is a decidedly important one, and will require the final decision of the last court to find exactly what it means. It was argued on behalf of the Power Company that the action was properly in the Federal Court, and that the bringing in of the Coal Company as a third-party defendant was only ancillary to the main action and did not necessitate jurisdictional or venue requirements.

On examination of official form 22, it seems to me that the Committee (that formulated the rules) and the Supreme Court adopted this view, since the form for a third-party complaint, unlike the forms for original complaints, omits any allegation of jurisdiction.

This idea seems to have been strongly urged by commentators, especially in the Yale Law Journal, 44 Yale L.J. 1291, 1322; 45 Yale L.J. 393, 421. See Moore's Federal Practice, Volume 1, pages 779-782.

There is a class of actions where a railway company is sued, along with the engineer and other employees, for damages because of death or injury to some person by the operation of a train, and there is shown by the complaint (formerly a declaration) a separable controversy between the plaintiff and the railway company, and the cause is removed to the Federal Court on such claim, the whole suit is transferred there, although the engineer and other defendants are citizens of the same state as the plaintiff.

It seems to me that there is a certain analogy between this class of cases and the one here under Rule 14. In an examination of the notes to Rule 14 contained in the April, 1937 edition of the Report of the Advisory Committee, the following language is used. "Third-party impleader is in some aspects a modern innovation in law and equity although well known in admiralty. Because of its many advantages a liberal procedure with respect to it has developed in England, in the federal admiralty courts, and in some American state jurisdictions." See Lowry & Co., Inc. v. National City Bank of New York, D.C., 28 F.2d 895; and Yellow Cab Co. of Philadelphia v. Rodgers, 3 Cir., 61 F.2d 729.

If the narrow construction claimed by the Coal Company is put upon Rule 14, it will be found that in the most numerous class of cases in federal jurisdiction, the rule will be absolutely useless.

Therefore, I overrule the motion to dismiss the Coal Company as a third-party defendant.