## LESNIK v. PUBLIC INDUSTRIALS CORPORATION (DAVISON et al., Third-Party Defendants).

District Court, S. D. New York.
May 29, 1943.

See also 51 F.Supp. 994.

Satterlee & Warfield, of New York City (R. Randolph Hicks and John J. Dunne, both of New York City, of counsel), for defendant Public Industrials Corporation.

Guy George Gabrielson, of New York City, pro se (David Haar, of New York City, of counsel).

Albert L. Wolfe, of New York City, pro se (David Haar, of New York City, of counsel).

CONGER, District Judge.

The third-party defendants, Albert L. Wolfe and Guy George Gabrielson, have moved the court for an order vacating the service upon them of the summons and answer containing the third-party complaint, the counterclaims in the principal action.

The basis of the motion is that the service in question violates the venue requirements of § 51 of the Judicial Code, 28 U.S.C.A. § 112, in that both the third-party plaintiff (the counterclaiming defendant) and the third-party defendants, Gabrielson and Wolfe, are non-residents of the State of New York and this district.

The statute upon which the movants rely provides in part that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

The principal action is in this court by virtue of removal from the state court at the instance of the defendant, Public Industrials Corporation. That action is brought to recover a deficiency judgment on a secured note which the plaintiff has allegedly purchased from the original owner.

As part of its answer to plaintiff Lesnik's claim, the defendant Public Industrials Corporation has counterclaimed by alleging in several counts that the plaintiff and the third-party defendants have conspired to ruin a plan of reorganization of the defendant by wrongfully withholding dividends upon the receipt of which the success of defendant's plan depended, and to obtain the defendant's stock at an extremely low price. The details of the various claims have been set forth in a previous lengthy opinion written by Judge Leibell on April 30th 1943. 51 F.Supp. 994.

By his decision rendered upon the defendant's motion, Judge Leibell determined that the defendant should be granted leave to join C. Herbert Davison, Guy George Gabrielson and Albert L. Wolfe as third-party defendants under Rule 13(h),

Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, because their presence "is required for the granting of complete relief in the determination of a counterclaim * * * if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action." He established as the law of the case that service upon the proposed third-party defendants in this state, if so effected, would not deprive this court of jurisdiction. However, the question of venue was left open for the court said that it "is unnecessary for the court to pass upon that question in determining the question of jurisdiction under Rule 13(h) * * *". That must be so since the venue problem is personal to the defendants, to be asserted or waived by them. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. They were not parties to the motion which was before Judge Leibell.

Subsequently and pursuant to Judge Leibell's order, the service in question was made in this state upon two of the third-party defendants.

The moving parties are the parties so served and are residents of New Jersey.

The sole question to be decided is whether the third-party proceeding must satisfy the venue requirements above set forth—for if so, the present motion must of course be granted.

In support of the motion, the movants rely upon the above venue statute, and upon Rule 82, F.R.C.P. The latter provides that "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein".

It is contended by the defendant Public Industrials Corporation that the motion should be denied for several reasons: that the plaintiff in the principal action has instituted his suit in this state as the agent of the third-party defendants, who are the "real parties in interest" and that the third-party defendants have thereby waived all venue objections; that since the principal action is in this court because of removal from the state court, the venue question is governed by the removal statutes and not by the above quoted portion of § 51 of the Judicial Code; and that third-party proceedings do not require separate compliance with the venue provisions if the principal action to which they are ancillary does not offend the statute.

The defendant and third-party plaintiff claims that through examination before trial it has revealed that the third-party defendant Gabrielson may have a more than casual interest in the plaintiff's action. I do not feel it necessary to base my decision on a finding of waiver as urged by the defendant. It is my belief that the third-party proceedings are ancillary to the original action and that they require no separate satisfaction of the venue requirements of § 51 of the Judicial Code.

My decision is predicated upon the reasoning of Judge Goddard of this court in Morrell v. United Air Lines Transport Corp., D.C., 29 F.Supp. 757, 759.

The latter case concerned a third-party proceeding under Rule 14 whereas this is under Rule 13. I do not find that any valid distinction may be based on that difference.

As stated by Judge Goddard, 29 F. Supp. at page 759, Rule 82, F.R.C.P., does not compel me to grant this motion for by this ruling "venue is not extended if the law with respect to the venue of ancillary proceedings before the adoption of the new rules is applied to all ancillary proceedings which arise under the rules." See Gray v. Hartford Accident & Indemnity Co., D. C., 31 F.Supp. 299, 305; Falcone v. City of New York, D.C., 2 F.R.D. 87 and cases and authorities there cited. By denying this motion, circuity of action will be avoided and the various questions involved in the several actions will be determined at one time rather than by a needless multiplicity of suits.

Motion denied. Settle order on notice.