**SABA et al. v. EMIL KATZ & CO., Inc., et al. (QUITTNER et al., Third-Party Defendants).**

District Court, S. D. New York.

May 4, 1944.

Walsh & Levine, of New York City, for defendants and third-party plaintiffs.

Samuel E. Miller, of New York City, for Rudolph Quittner and Marianna Quittner and Victory Fabrics Corporation, third-party defendants.

GODDARD, District Judge.

This is a motion by the third-party defendants, Rudolph Quittner and Marianna Quittner, doing business under the name of Victory Fabrics Company, as successor to Victory Fabrics Corporation, to dismiss the third-party complaint as to them on the ground that as there is no diversity of citizenship between the third-party plaintiff and these third-party defendants, this court lacks jurisdiction.

The third-party defendants have been brought in by an ex parte order under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

There is no diversity of citizenship between the third-party plaintiffs and the moving third-party defendants. When the court has jursdiction of the primary action, diversity of citizenship is not necessary between the original defendant and the third-party defendants if the third-party proceeding is ancillary to the primary action. Pell v. McCabe, 2 Cir., 256 F. 512; Morrell v. United Air Lines Transport Corp., D. C., 29 F.Supp. 757; Hoskie v. Prudential Ins. Co., etc., D.C., 39 F.Supp. 305; Bossard v. McGwinn, D.C., 27 F.Supp. 412; John N. Price & Sons v. Maryland Casualty Co., D.C., 2 F.R.D. 408.

An ancillary suit may be maintained though the rights arise under different contracts if the subject matter is the same, and the proceeding is subordinate to or in aid of, or to regulate the primary suit, and it avoids relitigation in other courts of the issues heard and adjudged in the primary suit. See Pell v. McCabe, supra; O'Brien et al. v. Richtarsic, D.C., 2 F.R.D. 42; Lewis v. United Air Lines Transport Corp., D.C., 29 F.Supp. 112; Schram v. Roney, D.C., 30 F.Supp. 458; Brady v. Black Diamond S. S. Co., D.C., 45 F.Supp. 338.

The original complaint alleges a claim for damages against the original defendant for breach of warranty in the sale of finished rayon cloth suitable for making up into dresses.

The third-party complaint alleges a cause of action for damages by the original defendant against Victory Fabrics Company for breach of warranty in the raw material bought from Victory Fabrics Company, a cause of action for breach of warranty against Artistic Flock Novelty Company to whom Katz sent the raw material for "flocking"; also a cause of action for breach of warranty or contract against Rose Process Corporation to whom the material had been sent for further processing.

The breach of warranty alleged by the original plaintiff against the original defendants that the finished rayon cloth would be suitable for making up into dresses, differs substantially from the breach of warranty or contract they charge the third-party defendants with.

It is apparent that the alleged cause of action against Victory Fabrics Company is independent of the original action; is based on different facts and calls for unrelated proof of a different character from that in the primary action. It is not an ancillary proceeding and as diversity of citizenship is lacking between the third-party plaintiff and the moving third-party defendants, the court is without jurisdiction and the motion to dismiss is granted.

Settle order on notice.