## SAUNDERS v. BALTIMORE & O. R. CO.
### Civil Action No. 516.

District Court, S. D. West Virginia.

Dec. 7, 1945.

Watts, Poffenbarger & Bowles, of Charleston, W. Va., for plaintiff.

Steptoe & Johnson, of Charleston, W. Va., for defendant.

Rummel, Blagg & Stone, of Charleston, W. Va., for third-party defendants.

MOORE, District Judge.

Plaintiff, a citizen of West Virginia, sued defendant, a Maryland corporation, to recover damages for personal injuries alleged to have been caused by defendant's negligence. Jurisdiction was invoked on the ground of diversity of citizenship. Defendant, under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, moved for leave to bring in the United Fuel Gas Company, a West Virginia corporation, and M. C. Kirkhart, a citizen of West Virginia, as third party defendants.

Defendant alleges in its amended third party complaint that it was not negligent and that the negligence of the United Fuel Gas Company and Kirkhart, the third party defendants, was the sole cause of plaintiff's injuries; but defendant pleads in the alternative that if it was negligent in contributing to plaintiff's injuries, the third party defendants are equally liable with it for the payment of any judgment which may be rendered against it, and defendant therefore prays in its amended third party complaint (1) that any judgment in the case be against the third party defendants, (2) that defendant may have judgment against the third party defendants for all or part of any judgment which may be rendered for the plaintiff against it, (3) that any judgment rendered against defendant be also rendered against the third party defendants, and (4) for judgment in defendant's favor against the third party defendants for two-thirds of any judgment which may be rendered against the defendant.

The motions of the third party defendants to dismiss defendant's amended third party complaint are based on several grounds, which may be briefly stated as follows: (1) That there is no diversity of citizenship between plaintiff and the third party defendants, (2) that no cause of action is asserted in favor of defendant against the third party defendants, (3) that plaintiff asserts no claim against the third party defendants, (4) that no ground for indemnification or contribution is alleged, and (5) that no ground is alleged for recovery by any party against the third party defendants.

This case, as shown by the allegations of the complaint, together with those of the amended third party complaint, grows out of a crossing accident wherein a motor vehicle owned by United Fuel Gas Company and being operated by M. C. Kirkhart was struck by a Baltimore and Ohio Railroad train while the operator of the vehicle was attempting to cross the railroad track at a public crossing. Plaintiff was an occupant of the motor vehicle.

■ It is obvious at the outset that the plaintiff could not have sued both the defendant and the third party defendants in a United States Court. He could have done so in the appropriate Court of the State, but if he had attempted to do so in this Court, his action would have been summarily dismissed because of the lack of diversity of citizenship of the parties. It is also clear that under a well recognized principle of the law of torts plaintiff had the choice of suing as joint tort feasors all persons concerned in causing his injuries, or of suing any one of them whom he might select. The establishment of liability against defendant in such a suit would not depend in any way upon establishment of liability against the third party defendants.

It is vigorously urged in opposition to the granting of the motions that the third party complaint is merely an effort to invoke the jurisdiction of this Court in a matter which is ancillary to the main proceeding, and that the Court having properly acquired jurisdiction of the action as between plaintiff and defendant, diversity of citizenship between plaintiff and the third party defendants is of no consequence. It must be conceded that this argument finds substantial support in a number of decisions of District Courts. Malkin v. Arundel Corporation, 36 F.Supp. 948; Bossard v. McGwinn, 27 F.Supp. 412; Crum v. Appalachian Electric Power Company, 27 F.Supp. 138. In view of the fact that the last mentioned case was decided in this Court by Judge McClintic, my predecessor in office, and that his conclusion was approved by Judge Watkins, also a judge of this Court, in a later decision in the same case (29 F. Supp. 90), I feel a hesitancy in taking a contrary view. However, in view of the fact that neither the Supreme Court nor any Circuit Court of Appeals, so far as I am advised, has decided the question presented here, I am impelled to a different conclusion, both by the logic of the situation and by what I deem to be the weight of authority in later and more clearly reasoned opinions of District Courts: Hoskie v. Prudential Insurance Company of America, E.D.N.Y. 1941, 39 F.Supp. 305; Herrington v. Jones, E.D.La. 1941, 2 F.R.D. 108; Johnson v. G. J. Sherrard Company, D.Mass. 1941, 2 F.R.D. 164; Thompson v. Cranston, W.D.N.Y. 1942, 2 F.R.D. 270. The case last cited was affirmed by the Court of Appeals for the Second Circuit, Brown v. Cranston, 132 F.2d 631, 148 A.L. R. 1178, but the jurisdictional question seems not to have been involved in the appeal.

■ It is of course well settled that where jurisdiction is once obtained it is not lost by entry into the case of subsequent parties, lacking in the requisite diversity of citizenship, if the subsequent proceeding is

ancillary to the main case and not in the nature of a separate and independent suit. Johnson v. G. T. Sherrard Company, supra; Alexander v. Hillman, 296 U.S. 222, 56 S. Ct. 204, 80 L.Ed. 192; Moore v. New York Cotton Exchange, 2 Cir., 296 F. 61, affirmed 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370. But those courts which have permitted third party complaints in cases where joint tort feasors are involved appear to have given an unwarrantedly broad meaning to the term "ancillary." The word is defined in Webster's New International Dictionary as meaning in law: "Designating or pertaining to a document, proceeding, officer or office, etc., that is subordinate to, or in aid of, another primary or principal one." I am not aware that it can be given any other or extended meaning. In cases where a plaintiff has a right of action against two or more persons as joint tort feasors for the same tortious act, his right of recovery against one is in no wise dependent on his right of recovery against another. One is not primary and the other ancillary; they are independent and coordinate. Considerations of mere convenience cannot be invoked to join two such independent causes of action in one suit in a Federal Court when diversity of citizenship is lacking between any of the parties.

It is to be noted that in the instant case the third party complaint denies altogether any liability on the part of the primary defendant. It says in effect: "Defendant is not liable to the plaintiff. It was the negligence of the third party defendants which caused plaintiff's injuries. We ask that the third party defendants be brought into this suit so that plaintiff may proceed against them and recover his judgment, if he proves his case, against them and not against us. But if perchance he is able to make out a case against us, we ask that the third party defendants may be required to share the liability with us." I can see in all this no more than an attempt to substitute as defendant to the plaintiff's suit persons who, being residents of the same State as the plaintiff, could not have been sued by him in this Court. To allow this would be, in my opinion, a circumvention of the constitutional limitation which prevents suits in Federal Courts between citizens of the same State.

In the Hoskie case, supra [39 F.Supp. 306], which was an action for personal injuries by a citizen of New York against a New Jersey corporation, the defendant attempted to bring in as third party defendant a New York corporation. The Court in refusing to permit this procedure said:

"It is difficult to comprehend why this Court should now have jurisdiction over a claim of a New York plaintiff against a New York defendant after they are brought together through the circuitous means of a third party complaint and then an amended main complaint, whereas had the procedure been direct no jurisdiction would have existed. Jurisdiction cannot be based upon any theory of an ancillary proceeding, for by reason of the amended complaint there no longer is any main action in which diversity exists. Nor does this case fall within the principles of the rule that once having had jurisdiction, this Court retains jurisdiction. Here there never was jurisdiction over any claim of the plaintiff against Lorrac Real Estate Corporation (the third party defendant). Moreover, to accept jurisdiction herein might open the door to circumvention of the diversity rule by use of a friendly original defendant."

The Herrington case, supra [2 F.R.D. 110] was an action for personal injuries brought by a citizen of Louisiana against a citizen of Oklahoma, wherein the defendant moved for leave to join as third party defendant a citizen of Louisiana. With leave of court the plaintiff amended his complaint to include the third party defendant. The Court, in sustaining the motion to dismiss filed by the third party defendant, said:

"Under the same Rule 14, plaintiff Herrington might have amended his pleadings to assert against the third party defendant any claim that said plaintiff might have asserted against said Massart 'had he been joined originally as a defendant', in this suit based on diversity of citizenship; but it was at all times impossible, as a matter of law, for the plaintiff Herrington, citizen of Louisiana, to have originally joined, in such suit so based on diversity of citizenship, the third party defendant Massart, citizen of Louisiana, as one of the primary parties defendant jointly with the primary defendant L. C. Jones, citizen of Oklahoma.

"It is needless to observe that no obligation rested upon plaintiff Herrington to amend his pleadings to so assert a direct claim, as of first instance, against his co-citizen of Louisiana, L. J. Massart.

"If he thought that there existed a cause of action in his favor against the said Massart, the State Courts were open to him for its assertion; * * *."

And further:

"While true that the authorities are uniform to the effect that, granting an existent jurisdiction at the time of the filing of the action, no subsequent change in the condition of the parties will divest the Court of jurisdiction, this is not the situation here. No change has taken place in the citizenship of L. J. Massart, against whom plaintiff Herrington elected to file his action, but a change in the situation as respects diversity of citizenship, upon which the jurisdiction of the Court was expressly based, has been effected, with the result that jurisdiction no longer exists."

There is no need here to discuss the cases of Johnson v. G. J. Sherrard and Thompson v. Cranston, since they are in complete accord with the principles set down in the two cases above.

I am convinced that the reasoning of these cases from which I have quoted excerpts is sound. I will therefore sustain the motions of United Fuel Gas Company and M. C. Kirkhart to dismiss the third party complaint filed against them by the defendant.

Having concluded that the Court is without jurisdiction to entertain the third party complaint, I find it unnecessary to consider any of the grounds of the motions for dismissal other than that relating to jurisdiction.

An appropriate order may be entered in accordance with the views herein expressed.