## MONCRIEF v. PENNSYLVANIA R. CO.
### ERIE R. CO. v. JOINER.
#### Civil Action No. 7124.

District Court, E. D. Pennsylvania.

Oct. 7, 1947.

Lipsius & Lipsius, of Philadelphia, Pa., for plaintiff.

Philip Price, of Philadelphia, Pa., for defendant Pennsylvania R. Co.

Henry R. Heebner, of Philadelphia, Pa., for Erie R. Co.

Kolander & Saltzburg, of Philadelphia, Pa., for third-party-defendant Joiner.

McGRANERY, District Judge.

This case concerns the effect of venue requirements upon impleader procedure under Federal Rules of Civil Procedure, Rule 14, 28 U.S.C.A. following section 723c. Plaintiff was a passenger, and third-party defendant, the driver, in an automobile which collided with a railroad train operated by Erie Railroad Company, defendant and third-party plaintiff. Both men were allegedly on their way to work for defendant Pennsylvania Railroad Company, their employer. Plaintiff brought suit against both railroad companies, claiming against the Pennsylvania for violations of the pro-visions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and against the Erie in an ordinary tort action. This court's jurisdiction is based upon the statute as to the first defendant and upon diversity and jurisdictional amount as to the Erie. The Erie Railroad company impleaded John M. Joiner, the driver of the car, as third-party defendant, alleging a right to recover against him all or part of the sums which the original plaintiff may recover against it. Third-party defendant now moves to vacate the order permitting his joinder, alleging that the venue requirements of the federal courts, 28 U.S.C.A. § 112, have not been complied with.

Third-party plaintiff is a New York corporation and neither operates its business in the Eastern District of Pennsylvania nor resides there. Third-party defendant is a resident of the Western District of Pennsylvania, the district where the accident occurred. Since neither plaintiff nor defendant in this third-party action are residents of the district where suit is brought, third-party defendant claims that lack of venue bars the action.

Rule 14 has been a troublesome one in the courts, and questions as to the propriety of procedure under it have been frequent. The issue raised more often has been whether third-party actions must meet the jurisdictional requirements of the federal courts. There have been divergent holdings, but the majority view has been that third-party actions need not meet the federal jurisdictional requirements if the original action does. Williams v. Keyes, 5 Cir., 125 F.2d 208, certiorari denied 316 U.S. 699, 62 S.Ct. 1297, 86 L.Ed. 1768; Bernstein v. N. V. Nederlandsch-Amerikaansche, etc., D.C., 6 F.R.D. 297; Arsht v. Hutton (Bunin), D.C., 72 F.Supp. 851; see People of State of Illinois v. Maryland Casualty Co., 7 Cir., 132 F.2d 850, 853 (continuing opinion). It is true that where an original plaintiff amends his complaint, to state a cause of action against the third-party defendant as well as against the original defendant, the result has been different, most courts holding that there must be diversity between the original plaintiff and third-party defendant to support a judgment for the former. McDonald v. Dykes,

D.C. 1947, 6 F.R.D. 569; Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, certiorari denied. Friend v. Friend, 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed. 1635; Baltimore and Ohio Railroad Co. v. Saunders, 4 Cir., 159 F.2d 481. In such a case the third-party action is, in effect, supplanted by the plaintiff's original action, as amended, which must meet jurisdictional requirements. However, where this situation does not occur, and where the sole issue is whether a complaint of third-party plaintiff against third-party defendant need meet the diversity requirement, most courts have held it need not, using the concept of ancillary jurisdiction. The end result is best regarded as an attempt to balance federal jurisdictional requirements with the convenience of the new federal procedure, with the decisions favoring the latter policy.

The same sort of conflicting considerations are present when the issue is one of venue rather than jurisdiction. The decisions have been fewer, however, but no less divided, as the opposing results in two cases growing out of the same airplane crash indicate. Cf. Lewis v. United Air Lines Transport Corporation, D.C.Conn. 1939, 29 F.Supp. 112, and Morrell v. United Air Lines Transport Corporation (United Aircraft Corporation), D.C.S.D.N.Y.1939, 29 F.Supp. 757, 759. In the latter case, which held that a third-party complaint need not satisfy venue requirements, the court pointed out that " * * * it is clear that the spirit and purpose of Rule 14 to a great extent would be frustrated if the venue statutes had to be applied to third-party proceedings under the Rule." I feel that this consideration is controlling and that the conception of an ancillary action furnishes a useful tool to reach a sound result. Certainly, as a commentator has put it:

"If a third-party proceeding is sufficiently ancillary to permit a third-party who is a citizen of the same state as either of the original parties to an action, thus avoiding the constitutional limitation on the jurisdiction of the federal courts, it should also be considered ancillary for the purpose of mere statutory restrictions on the place of trial." See 1 Moore's Federal Practice, Supp. 377; Lesnik v. Public Industrials Corporation, D.C., 51 F.Supp. 994.

Accordingly, third-party defendant's motion to vacate the order permitting joinder is denied.