UNITED STATES v. ACORD et al.

No. 4694.

United States Court of Appeals,
Tenth Circuit.

Jan. 14, 1954.

Rehearing Denied Feb. 8, 1954.

Bratton, Circuit Judge, dissented.

Herman S. Greitzer (Warren E. Burger, Asst. Atty. Gen., Robert E. Shelton, U. S. Atty., Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl., and Paul A. Sweeney and John G. Laughlin, Attys., Dept. of Justice, Washington, D. C., on the brief), for the United States.

Nell Rhodes Fisher and Gus Rinehart, Oklahoma City, Okl. (J. I. Gibson and Butler, Rinehart & Morrison, Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Glenn Acord was injured by a mail pouch thrown by a mail clerk, who was an employee of the United States, from a moving train owned and operated by

the Chicago, Rock Island & Pacific Railroad Company.[1]

Acord brought an action against the Railroad Company in the Western District of Oklahoma to recover the damages resulting from such injuries. The Railroad Company filed a third-party complaint against the United States, seeking indemnity for all sums that might be adjudged against it in favor of Acord. The United States filed a motion to dismiss the third-party complaint on the ground that Acord resided and the act complained of occurred in the Eastern District of Oklahoma, and that under the Federal Tort Claims Act the venue was in the Eastern District of Oklahoma. The motion was overruled without prejudice. The United States then filed an answer in which it denied liability for indemnity and renewed its motion to dismiss on the grounds of improper venue.

The case was tried to the court without a jury. The court found that Acord was lawfully upon the premises of the Railroad Company on April 28, 1952, as a business invitee, and was struck by a mail pouch thrown from a southbound train owned and operated by the Railroad Company; that the pouch was thrown by a mail clerk, who was an employee of the United States; that Acord suffered serious bodily injuries; that the Railroad Company owed a duty to Acord to exercise ordinary care for his safety; that the station agent for the Railroad Company knew that a mail pouch would be thrown from the train and that it might be dispatched in the area where Acord was standing and that the agent should have warned Acord of the danger; that had the agent warned Acord of the danger, he could have protected himself and avoided the accident; and that the failure of the Railroad Company to warn Acord "proximately contributed to the accident and his injuries."

The court further found that the mail clerk negligently threw the mail pouch from a fast-moving train in an unauthorized area, where he knew, or should have known, persons would be injured thereby, and that the United States failed to make proper arrangements for the dispatch of the mail pouch at a place where it would be safe to dispatch it.

The court entered judgment in favor of Acord against the Railroad Company for $10,000 and against the United States in favor of the Railroad Company in the amount awarded Acord.

The United States has appealed.

Two questions are presented:

1. Could the third-party claim be asserted against the United States in the Western District of Oklahoma?

2. Under the facts, was the Railroad Company entitled to indemnity from the United States?

## I.

28 U.S.C.A. § 1402(b) provides that "Any civil action on a tort claim against the United States * * * may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Here the act or omission complained of occurred in the Eastern District of Oklahoma and the plaintiff resides in that district.

The Federal Rules of Civil Procedure apply to actions brought under the Federal Tort Claims Act.[2]

Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a defendant may move for leave, as a third-party plaintiff, to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him and that if the motion is granted and the summons and complaint are served, the person so served shall be called the third-party defendant and shall make his defenses to the third-party plaintiff's claim as provided in Rule 12.

1. Hereinafter called the Railroad Company.

2. United States v. Yellow Cab Co., 340 U.S. 543, 553, Note 9, 71 S.Ct. 399, 95 L.Ed. 523.

Rule 82 of the Federal Rules of Civil Procedure provides that "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

■ It is well settled that "The United States, as sovereign, is immune from suit save as it consents to be sued, * * * and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." [3]

■ In United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, four passengers in a taxicab were injured in a collision between the cab and a United States mail truck. The passengers, charging negligence on the part of the cab driver, sued his employer, the Yellow Cab Company, in a United States District Court. The Yellow Cab Company impleaded the United States as a third-party defendant and charged that the negligence of the mail truck driver made the United States liable for all or part of the passengers' claims against the Yellow Cab Company. The Supreme Court held that a United States District Court can require the United States to be impleaded as a third-party defendant and to answer the claim of a joint tort-feasor for contribution as if the United States were a private individual. We hold, on the authority of that case, that the United States may be impleaded as a third-party defendant by another defendant, to answer a claim for indemnity under the Federal Tort Claims Act. However, in the Yellow Cab Co. case the question of proper venue was not involved.

■ Rule 14 was derived from Admiralty Rule 56. See 28 U.S.C.A., Rules, p. 119. Rule 14 was formulated and adopted in keeping with the purpose of the Federal Rules of Civil Procedure to simplify and expedite procedure. The purpose of Rule 14 was to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits. The rule should be liberally construed to effectuate its intended purposes.

■ Where a Federal court has jurisdiction of a claim and the parties in the principal action, it generally has jurisdiction also of a suit or proceeding which is a continuation of or incidental and ancillary to the principal action, even though it might not have jurisdiction of the ancillary proceeding if it were an independent and original action or proceeding. The jurisdiction of the ancillary suit or proceeding is referable to or dependent upon the jurisdiction of the court over the principal suit or proceeding.[4]

■ It has been held that a proceeding on a third-party plaintiff's claim under Rule 14 is an ancillary proceeding incidental to the main action and that no separate ground of jurisdiction is required.[5]

3. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058.

4. Fulton National Bank of Atlanta v. Hozier, 267 U.S. 276, 280, 45 S.Ct. 261, 69 L.Ed. 609; Eichel v. United States Fidelity & Guaranty Co., 245 U.S. 102, 104, 38 S.Ct. 47, 62 L.Ed. 177; Mitchell v. Maurer, 293 U.S. 237, 243, 55 S.Ct. 162, 79 L.Ed. 338; White v. Ewing, 159 U.S. 36, 38, 15 S.Ct. 1018, 40 L.Ed. 67; Brun v. Mann, 8 Cir., 151 F. 145, 150, 12 L.R.A.,N.S., 154; Krippendorf v. Hyde, 110 U.S. 276, 281, 4 S.Ct. 27, 28 L.Ed. 145; Root v. Woolworth, 150 U.S. 401, 413, 14 S.Ct. 136, 37 L.Ed. 1123; Mathis v. Ligon, 10 Cir., 39 F.2d 455, 457; Compton v. Jesup, 6 Cir., 68 F. 263, 279-284.

5. Waylander-Peterson Co. v. Great Northern Ry. Co., 8 Cir., 201 F.2d 408, 415; Lesnik v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 973; Id., D.C.N.Y., 51 F. Supp. 994; Metzger v. Breeze Corps., D.C. N.J., 37 F.Supp. 693, 695; Sussan v. Strasser, D.C.Pa., 36 F.Supp. 266, 268; Barkeij v. Don Lee, Inc., D.C.Cal., 34 F. Supp. 874, 876; Gray v. Hartford Accident & Indemnity Co., D.C.La., 31 F. Supp. 299, 304; Schram v. Roney, D.C. Mich., 30 F.Supp. 458, 462; Morrell v. United Air Lines Transport Corp., D.C.

The more difficult question presented is whether a person not a party to the main action may be brought in as a third-party defendant on the complaint of a third-party plaintiff under Rule 14, where the third-party proceeding could not be maintained, as an independent action, in the district where the principal proceeding is pending, because of lack of proper venue.

In Lewis v. United Air Lines Transport Corp., D.C.Conn., 29 F.Supp. 112, Judge Hincks held that such a third-party proceeding was not ancillary to the main action and could not be maintained because of the lack of proper venue. He predicates his conclusion on G. & C. Merriam Co. v. Saalfield, 241 U.S. 22, 36 S.Ct. 477, 60 L.Ed. 868, and construes that case to hold that where the third-party proceeding brings in a new party, the proceeding is an original and not an ancillary proceeding. We do not so construe that case. We think the holding that the supplemental bill in that case was not ancillary was predicated not on the fact that a new party was brought in, but upon the nature of the relief sought against the new party.

In King v. Shepherd, D.C.Ark., 26 F. Supp. 357, Judge Ragon held that where the third-party proceeding brings in a new party defendant against whom an original proceeding could not be maintained in the district because of lack of proper venue, the third-party proceeding cannot be maintained because it would extend the venue of the action, contrary to the provisions of Rule 82.

In Dickey v. Turner, 6 Cir., 49 F.2d 998, 1001, the court held that an ancillary proceeding can be maintained against a person not a party to the main proceeding if service of process can be obtained, even though the proceeding could not be maintained as an original proceeding because of lack of proper venue. In the opinion the court said:

"Appellants Dickey and Taliaferro urge that the bill should have been dismissed as to them upon their plea to the venue, to wit, that they were nonresidents of the district in which the suit was brought. If this plea be regarded as directed at the venue of the court, the jurisdiction invoked being purely ancillary, and not original, it is obvious that the court which had jurisdiction of the original action is the proper one to consider the ancillary proceedings, provided jurisdiction over the persons of additional defendants can be secured."

Morrell v. United Air Lines Transport Corp., D.C.N.Y., 29 F.Supp. 757, was an action brought against the Transport Corporation to recover for wrongful death alleged to have been caused by the negligence of the Transport Corporation. The Transport Corporation sought to bring in two third-party defendants who were not parties to the main action and to recover over from them any amount it might be compelled to pay the plaintiff in the main action. Judge Goddard held that the third-party proceeding, being an ancillary proceeding, could be maintained, although it could not be maintained against the third-party defendants as an original action because of the lack of proper venue. He predicated his conclusion upon the premise that such was the law prior to the adoption of the Federal Rules of Civil Procedure, and, therefore, to so hold did not extend the venue of actions contrary to Rule 82.[6]

N.Y., 29 F.Supp. 757, 758, 759; Lewis v. United Air Lines Transport Corp., D.C. Conn., 29 F.Supp. 112, 116; Crum v. Appalachian Electric Power Co., D.C.W.Va., 29 F.Supp. 90, 91; Id., D.C., 27 F.Supp. 138; Bossard v. McGwinn, D.C.Pa., 27 F.Supp. 412; Tullgren v. Jasper, D.C. Md., 27 F.Supp. 413, 417; Kravas v. Great Atlantic & Pacific Tea Co., D.C. Pa., 28 F.Supp. 66, 67; Lawrence v.

Great Northern Ry. Co., D.C.Minn., 98 F.Supp. 746, 749; Saba v. Emil Katz & Co., D.C.N.Y., 55 F.Supp. 1000, 1001.

See, also, Malkin v. Arundel Corp., D.C. Md., 36 F.Supp. 948, 950.

Cf. Saunders v. Baltimore & O. R. Co., D.C.W.Va., 63 F.Supp. 705, 706, 707.

6. To the same effect, see Moncrief v. Pennsylvania R. Co., D.C.Pa., 73 F.Supp. 815;

While the question is not free from doubt, we are of the opinion that the reasons which give the court jurisdiction over an ancillary proceeding by virtue of its jurisdiction over the principal action, likewise support the conclusion that venue in the ancillary proceeding may depend or rest upon the venue in the main proceeding.[7]

Venue provisions are for the convenience of the parties. The granting or denial of leave of a defendant to prosecute a third-party proceeding under Rule 14 rests in the sound discretion of the trial court,[8] and where an action on the third-party claim could not be maintained as an original proceeding because of lack of proper venue, the court should deny leave to bring a third-party proceeding under Rule 14, if it will result in great inconvenience to the third-party defendant.

Here, the United States suffered no disadvantage or inconvenience by being required to defend the action in the Western, rather than in the Eastern, District of Oklahoma.

We conclude that the plea of improper venue was properly denied.

## II.

Liability of the United States for indemnity to the Railroad Company must be determined in accordance with the law of the place where the act or omission occurred, which, in the instant case, was Oklahoma. 28 U.S.C.A. § 1346 (b). The general rule that, as between joint tort-feasors, neither is entitled to contribution or indemnity is recognized in Oklahoma.[9] The specific question presented is whether the instant case falls within an exception to that general rule.

In the case of Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, 644, an employee of the United States Gypsum Company was killed as a result of pulling a switch to cut off the electric current at a transformer and substation owned and operated by the Gypsum Company. The substation was constructed by the Quannah Light & Ice Company under a contract with the Gypsum Company. The widow of the deceased employee brought an action against the Light Company to recover damages for the alleged wrongful death of her husband. The Hartford Accident & Indemnity Company, also a party plaintiff in the action, as subrogee, sought to recover from the Light Company $5,000, which it had paid to the widow under its policy of indemnity, issued to the Gypsum Company for the benefit of its employees. In its opinion the court said:

"* * * The general rule is that, as between joint tort-feasors, there can be neither contribution nor indemnity. Counsel for plaintiff concede this to be the rule, but say the rule has its exception; that the rule only applies where the parties are equally in the wrong, and cannot be applied as against a party who is only constructively liable, and who was, in no manner, personally guilty of any act of negligence, and whose liability became fixed only because of his failure to recognize and act upon the condition brought about by the real wrongdoer. * * * The exception contended for is well sustained by the authorities, but cannot be applied to the facts in this case.

"The substation was constructed under contract with the gypsum

Lesnick v. Public Industrials Corp., D.C. N.Y., 51 F.Supp. 994, 995; Id., 2 Cir., 144 F.2d 968, 976, 977; Gray v. Hartford Accident & Indemnity Co., D.C.La., 31 F.Supp. 299, 305; Leatherman v. Star, D.C.Tenn., 94 F.Supp. 220, 222.
    Cf. Roth v. W. T. Cowan, Inc., D.C. N.Y., 97 F.Supp. 675, 677, Note 1.

7. Moore's Federal Practice, 2d Ed., Vol. 3, Par. 14.28 [2], p. 504; Lesnick v. Public Industrials Corp., 2 Cir., 144 F.2d 968, 976, 977.

8. Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481, 483; General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671, 672, 673.

9. Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, 644; Fakes v. Price, 18 Okl. 413, 89 P. 1123, 1124.

company and under supervision of its chief engineer. It was constructed as the gypsum company desired. It was accepted by the said company with full knowledge as to the manner of construction. The negligence complained of was the manner in which the station was constructed. Its dangerous condition was as obvious to the gypsum company as to the defendant. In these circumstances, it occurs to us that *it cannot be seriously contended that the gypsum company was free from wrong, and that the fault and wrong was wholly the fault and wrong of the defendant.*" (Italics ours.)

While that decision does not fully answer the question presented in the instant case, we think it points the way and indicates that the Oklahoma courts will follow well considered decisions which hold that the exception to the general rule is limited to those cases where one person is guilty of the act or omission which causes the injuries, but another who is guilty only of constructive fault, because of his legal relationship to the person guilty of the act or omission or his positive legal duty to the person injured, is also liable to the latter for the damages suffered.

The exception to the general rule and its non-applicability to concurrent or joint tort-feasors, where each of them owes a like duty to the injured party and where the wrongful act or omission of each proximately contributes to cause the accident and resulting injuries, is well stated in Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 370, 24 A.L.R. 2d 319, in which the court said:

" * * * The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in *degrees* of negligence or on any doctrine of *comparative* negligence, —a doctrine which, indeed, is not recognized by the common law. See Fidelity & Casualty Co. of New York v. Federal Express, Inc., 6 Cir., 136 F.2d 35, 40. It depends on a difference in the *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. * * *

" * * * But the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other. The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled

to indemnity from those who with him caused the injury." [10]

Illustrative of the application of the rule of primary and secondary liability and the right to indemnity of the person secondarily liable are cases where a principal or employer, under the doctrine of respondeat superior, is compelled to pay damages to a third person solely because of the negligence or other wrongful act of the agent or employee, which hold the person primarily liable is the agent or employee and that the principal or employer may recover indemnity from the agent or employee for the damages he has been compelled to pay; [11] and cases where a pedestrian suffers injuries by reason of falling in a hole in the pavement of a street, which hold the abutting property owner is primarily liable because of his failure to maintain the pavement in proper condition, and that the municipality is secondarily liable because of its failure to perform its legal duty of policing the streets and seeing to it that the abutting property owners keep them in repair; and that if the municipality is compelled to respond to the injured person for the damage suffered, it may recover indemnity over against the property owner.[12]

Here, while the act of the mail clerk was one of commission and the act of the agent of the Railroad Company was one of omission, the agent of the Railroad Company knew that the pouch would be thrown from the train and might be dispatched in the area where Acord was standing and the failure of the agent of the Railroad Company to warn Acord of the danger prevented Acord from avoiding the accident and proximately contributed to the accident and Acord's injuries. Both the mail clerk and the agent of the Railroad Company owed a like duty to Acord. Their failure to perform their respective duties concurred and contributed to proximately cause the accident and the injuries to Acord. They were concurrent and joint tort-feasors. Both were primarily liable. Hence we conclude that under the law of Oklahoma the Railroad Company was not entitled to indemnity from the United States.

The judgment against the United States is reversed and the cause remanded, with instructions to dismiss the third-party complaint with prejudice.

BRATTON, Circuit Judge (dissenting).

The United States is immune from suit except as it consents to be sued. It has power to attach conditions and limitations of its own choice to its consent. And the terms of its consent to be sued in any court define the jurisdiction of the court to entertain the suit. United

---

10. In support of the proposition that there is no right of indemnity between concurrent or joint tort-feasors where each of them owes a like duty to the injured party and where the wrongful act or omission of each proximately contributes to cause the accident and resulting injuries, see:
Union Stock Yards Company of Omaha v. Chicago, Burlington & Quincy R. Co., 196 U.S. 217, 227, 228, 25 S.Ct. 226, 49 L.Ed. 453; Fidelity & Casualty Co. of New York v. Federal Express, Inc., 6 Cir., 136 F.2d 35, 39–41; Preferred Accident Ins. Co. v. Musante, Berman & Steinberg Co., 133 Conn. 536, 52 A.2d 862, 865–866; Village of Portland v. Citizens' Telephone Co., 206 Mich. 632, 173 N.W. 382, 384, 385; North Carolina Electric Power Co. v. French Board Mfg. Co., 180 N.C. 597, 105 S.E. 394, 396–398; Central of Georgia Ry. Co. v. Macon Ry. & Light Co., 9 Ga.App. 628, 71 S.E. 1076, 1078–1080; Restatement of the Law, Restitution, Vol. 1, § 102.

11. Granquist v. Crystal Springs Lumber Co., 190 Miss. 572, 1 So.2d 216, 218; Karcher v. Burbank, 303 Mass. 303, 21 N.E.2d 542, 545, 124 A.L.R. 1292; McGonigle v. Gryphan, 201 Wis. 269, 229 N.W. 81, 82; Stulginski v. Cizauskas, 125 Conn. 293, 5 A.2d 10, 11, 12; 42 C.J.S., Indemnity, § 21, page 597.

12. Great Atlantic & Pacific Tea Co. v. Boyles, 3 Cir., 102 F.2d 343, 344; Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 327, 16 S.Ct. 564, 40 L.Ed. 712.
See also, illustrative cases referred to in Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 370, 371, 24 A.L.R.2d 319.

States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058.

It is provided in one section of the Tort Claims Act, 28 U.S.C.A. § 1346(b), that, subject to the provisions of chapter 171 of the title, the district courts shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the state where the act or omission occurred. And it is provided by another section of the Act, 28 U.S.C.A. § 1402(b), that any civil action on a tort claim against the United States under subsection (b) of section 1346 of the title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred. Plainly, the first section gives the consent of the government to be sued upon a claim for tort, and the second section limits or restricts that consent to be sued only in the district in which plaintiff resides or in the district in which the tort occurred. Acord, the injured person and the plaintiff in the original action, resided in the Eastern District of Oklahoma and the tort occurred in that district. The original suit against the railroad company was filed in the Western District of Oklahoma; and by the third-party complaint, the government was impleaded in that action.

Except as otherwise provided by statute, the Rules of Civil Procedure apply to actions under the Tort Claims Act. United States v. Yellow Cab Co., 340 U.S. 543, 553, 71 S.Ct. 399, 95 L.Ed. 523. Rule of Civil Procedure 14 authorizes a defendant in an action to assume the position of third-party plaintiff, bring in a third-party defendant, and assert a claim against him. But Rule 82 provides that the rules shall not be construed to extend the jurisdiction of the district court or the venue of actions.

Since the plaintiff resides in the Eastern District of Oklahoma and the tort occurred in that district, it seems clear to me that to sustain jurisdiction of the court in the Western District of Oklahoma to entertain the third-party complaint nullifies the controlling special statute, 28 U.S.C.A. § 1402(b), and also gives no effect whatever to Rule 82.

It is my view that the court below was without jurisdiction of the cause of action pleaded in the third-party complaint; and that instead of considering the third-party proceeding on its merits and determining whether under the doctrine of indemnity the railroad company is entitled to recover against the government, the judgment against the United States should be reversed and the cause remanded with directions to dismiss the third-party complaint without prejudice to the right, if any, of the railroad company to proceed against the government in a court of competent jurisdiction.