Hillsborough,
No. 4827.

CLARA C. LEARY & a.

v.

FRANCIS B. McSWINEY, *Adjutant General & a.*

Argued November 1, 1960.

Decided November 30, 1960.

*McLane, Carleton, Graf, Greene & Brown* and *G. Marshall Abbey* (*Mr. Brown* orally), for the plaintiffs.

*Louis C. Wyman,* Attorney General and *William J. O'Neil,* Assistant Attorney General (*Mr. O'Neil* orally), for the defendants.

KENISON, C. J. The major issue in this case is whether RSA 110-A:77 I (supp) permits a nonresident owner of property located in Massachusetts to recover from the State of New Hampshire damages caused by the alleged negligence of the Air National Guard of the State of New Hampshire. The plaintiffs contend that the statute construed as a whole is primarily a venue statute and does not restrict the remedy to residents of this state or persons injured in this state. Defendants claim that the statute is not primarily a venue statute but a statute consenting to suit on specific conditions which should be literally and strictly construed. Leflar & Kantrowitz, Tort Liability of the States, 29 N. Y. U. L. Rev. 1363, 1389 (1954); *Opinion of the Justices,* 101 N. H. 546; *Public Service Co.* v. *State,* 102 N. H. 54. In determining the legislative intent we recognize that although canons of statutory construction may be

helpful, they are tools and not chains and very frequently the thrust of one canon is off set by the counterthrust of another canon looking in the opposite direction. Llewellyn, The Common Law Tradition — Deciding Appeals, appendix C, *pp*. 521-535 (1960).

RSA ch. 110 was completely rewritten in 1957 and now appears as RSA ch. 110-A (supp). Laws 1957, *c*. 147. Section 77 I provides that members of the National Guard performing military service are not liable civilly for acts done in the performance of their duty. Then the statute in its pertinent part provides as follows: " . . . but *any person* injured in his person or property by . . . the national guard . . . shall have the right by petition brought in the superior court *for the county wherein such person resides or where the injury was suffered* to compensation for damages so sustained . . . . " (Emphasis supplied).

The italicized portion of the statute in the context of the whole act is ambiguous. The documentary legislative history of this section is not particularly helpful. We know that when the bill was introduced it contained no provision for compensation to individuals suffering injury to their property or person and this was inserted by the House Military and Veterans' Affairs Committee. See N. H. House Journal, *p*. 413 (1957). In the Senate Journal there appears only a statement that the act contains provisions to protect the National Guardsmen in their employment and "that claims for damages caused by guardsmen shall be handled by our Superior Court without a jury." N. H. Senate Journal, *p*. 568 (1957). If this were the only pertinent section of the chapter on militia there would be a solid basis for construing it as a jurisdictional requirement and not one of venue. The italicized words in the section if considered as jurisdictional limitations would allow the petition for damages to be brought only if the person was a resident of New Hampshire or, if regardless of residence, the injury occurred within this state.

However, there is another section which throws some light on the legislative intent. RSA 110-A:14 (supp) provides that the National Guard or any part thereof, which includes the Air National Guard, may be ordered to serve outside the borders of the state "in order to perform military duty of every description." This section further provides that the provisions of this chapter apply to members of the National Guard while serving outside the state "in like manner and to the same extent as while serving within the state."

It does not require any strained imagination to conceive that an Air National Guard stationed in Hillsborough County near the state border could not perform any function effectively, in training or otherwise, without crossing state lines. If section 77 is construed as a venue provision which is in addition to our general venue statutes (RSA 507:9, 11), all sections of the chapter fit into place. The whole chapter indicates a purpose to protect National Guardsmen from liability and also to protect persons injured as a result of their activities within or without the state without requiring such persons to resort to special legislative acts for relief. See Laws 1955, c. 378.

If the legislative committee in drafting section 77 attempted to use the Federal Tort Claims Act as a model (28 U. S. C. A., s. 1402(b) ) it may have overlooked the fact that that act is specifically inapplicable to accidents arising out of the jurisdiction (28 U. S. C. A., s. 2680(k) ). Nevertheless it is significant that the analogous provision of the federal act has been considered as relating to venue and not to jurisdiction. *Abramovitch* v. *United States Lines,* 174 F. Supp. 587, 591 (S. D. N. Y. 1959); *United States* v. *Acord,* 209 F. 2d 709 (10th Cir. 1954).

An additional indication that the Legislature was not attempting to deprive nonresidents of a forum for relief is the 1959 amendment to the chapter on militia. RSA 110-A:81 (supp), as inserted by Laws 1959, c. 152. This statute provides an administrative procedure for paying small claims not exceeding $250 to any person who is damaged by the activities of the National Guard. The statute imposes no limitation on residence or place of injury, and serves to indicate that none was intended in the 1957 legislation.

We conclude that RSA 110-A:77 I (supp) construed in the light of the other provisions in the act is primarily a venue statute and not a jurisdictional limitation on the prosecution of claims against the State for injuries caused by the National Guard in the performance of its duties. The present petition may be maintained and the motion to dismiss should be denied. In view of this construction of the statute it is unnecessary to consider the other grounds advanced in the motion to dismiss.

*Remanded.*

All concurred.