## ARSHT v. HATTON (BUNIN, Third-party Defendant).

### No. 6774.

District Court, E. D. Pennsylvania.

June 23, 1947.

Louis H. Wilderman and Melvin A. Bank, both of Philadelphia, Pa., for plaintiff.

Todd Daniel, of Philadelphia, Pa., for Clarence Hatton.

Henry S. Ambler and Frank R. Ambler, both of Philadelphia, Pa., for Norman Bunin.

WELSH, District Judge.

The plaintiff, Rita Arsht, filed a complaint against the defendant, Clarence Hatton, wherein it is alleged that on February 22, 1946, on a public highway called "Baltimore Pike" in the vicinity of Concordville, Pennsylvania, defendant negligently drove a motor vehicle against and into another

motor vehicle in which the plaintiff was riding as a passenger. Subsequently, defendant's motion for leave to make Norman Bunin a party to this action and to serve upon said Norman Bunin summons and third-party complaint was granted. The third-party complaint filed by the defendant alleges that any injuries which plaintiff may have suffered were due solely to the negligence of Norman Bunin, the third-party defendant, and were not caused by any negligence on the part of defendant, or in the alternative were caused by the negligence of the defendant and the third-party defendant, jointly or severally, or in the alternative were caused by the initial negligence of the third-party defendant for which the third-party defendant would be liable over to the defendant for any judgment against the defendant in favor of the plaintiff. Thereupon, the third-party defendant, Norman Bunin, filed a motion to dismiss the third-party complaint on the ground that the jurisdictional requisite of diversity of citizenship does not exist as between the plaintiff and third-party defendant.

1. The plaintiff is a resident and citizen of Delaware, and the defendant is a resident and citizen of Pennsylvania. There is no doubt that federal jurisdiction attached at the time plaintiff instituted suit against the defendant as the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and is between citizens of different States. Likewise, there is no doubt that as between the plaintiff and defendant federal jurisdiction cannot be defeated by the outcome of the third-party defendant's motion to dismiss the third-party complaint. It is this latter reason which prompted counsel for plaintiff to state in his brief that he is in a somewhat neutral position.

2. The argument that this Court lacks jurisdiction over the third-party complaint because diversity of citizenship does not exist as between plaintiff and third-party defendant is without force. It will be observed that the matters in controversy are between the plaintiff and defendant or third-party plaintiff, and between the third-party plaintiff and third-party defendant. There is no claim by the plaintiff against the third-party defendant and it is stated by the plaintiff that she does not intend to amend her complaint so as to bring such claim into existence. Therefore, it would appear that the requisite diversity of citizenship need only be shown with respect to the matters in controversy and need not be shown with respect to controversies that are not asserted and are not intended to be asserted. Applying the foregoing principles to the facts of the instant case it will be seen that diversity of citizenship is present with regard to the controversy between the plaintiff and defendant as the plaintiff is a resident of Delaware and the defendant is a resident of Pennsylvania, similarly, said diversity of citizenship is present with regard to the controversy between the defendant or third-party plaintiff who is a resident of Pennsylvania and the third-party defendant who is a resident of Delaware.

3. Aside from the fact that no claim is asserted or is intended to be asserted by the plaintiff against the third-party defendant and, therefore, diversity of citizenship in this connection is not required, there is another reason why the third-party defendant's motion to dismiss the third-party complaint on the ground that diversity of citizenship between the plaintiff and third-party defendant is lacking should not be sustained. It appears that the cause of action set forth in the third-party complaint is ancillary or auxiliary to that in the original complaint and so the third-party complaint need not set forth independent grounds of jurisdiction. Since the Federal Rules of Civil Procedure became effective, it has been generally held that controversies presented by third-party complaints are properly within the jurisdiction of the Court. Rule 14(a), 28 U.S.C.A. following section 723c. To regard such controversies otherwise would be to defeat the purpose of the rule which is to avoid circuity of action and to adjust, in a single suit, several phases of the same controversy as it affects the parties. Bossard et ux. v. McGwinn et al., D.C., 27 F.Supp. 412; Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66; Sklar et ux. v. Hayes, D. C., 1

F.R.D. 415; Sussan v. Strasser et al., D.C., 36 F.Supp. 266.

4. The third-party defendant's motion to dismiss the third-party complaint is accordingly denied. An order may be entered pursuant to the foregoing opinion. Upon the trial of the cause to avoid confusion the court or counsel should instruct the jury that no claim exists between plaintiff and third-party defendant and that therefore it cannot return a verdict as between them.