Robert E. CARRIGAN

v.

CENTRAL ADJUSTMENT BUREAU, INC.

Civ. A. No. C79–495A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 4, 1980.

Frank L. Derrickson, Bowen, Derrickson, Goldbert & West, Atlanta, Ga., for plaintiff.

Robert E. Reily, III, Social Circle, Ga., for defendant.

ORDER

ORINDA D. EVANS, District Judge.

Plaintiff herein sues for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and under Florida's Consumer Collection Practices Act, Fla. Stat.Ann. § 559.55, *et seq.* The case is presently before the Court for findings of fact and conclusions of law following a non–jury trial on September 5, 1980. Having considered the evidence and arguments of counsel, the Court hereby finds and concludes as follows:

At the time this action arose, Plaintiff was a lawyer working for a legal services clinic in Gainesville, Florida. He owed a debt to the University of Florida for tuition under a federal grant. Plaintiff fell behind in his payments to the University, which eventually turned his account over to Defendant for collection. On January 4, 1978, Plaintiff received a letter from the University informing him of this action and directing him to deal with the collection agency in the future. According to Plaintiff's testimony, he nonetheless contacted the University of Florida and reached an understanding with one of its officials, on a satisfactory repayment schedule. It is unclear to the Court whether this understanding rose to the level of an enforceable agreement but resolution of this question is deemed unnecessary.

During January and February, 1978, Plaintiff received several telephone calls from Defendant's agent, Robert Adcock, who identified himself to Plaintiff as one Robert Scott. Mr. Adcock, a/k/a Scott ("Scott") made demands for payment which Plaintiff declined. On March 9, 1978, Plaintiff sent Defendant a letter via Mr. Scott in which he expressly directed Defendant to cease any further telephone communications with him. In this letter, Plaintiff stated that he had established a payment plan with the University; therefore, there was no need for further contact with him. No contacts were made for some period of time; however, in December of 1978, De-

fendant reinitiated its efforts.[1] At that time, Mr. Scott called Plaintiff on December 7, 9 and 11, 1978. These calls were placed from Defendant's Atlanta, Georgia branch office to Plaintiff in Gainesville, Florida.

During the December, 1978 telephone calls, Mr. Scott accused Plaintiff of using his position as a lawyer to avoid paying his debts. Plaintiff was angered and distressed by these remarks and denied being in arrears in his payments, which he had been making since February, 1978 on the basis promised at that time.

The Court has previously entered an Order on July 17, 1980, granting summary judgment in favor of Plaintiff on certain issues. Specifically, the Court has previously found that Defendant violated the Fair Debt Collection Practices Act in two respects. First, it contacted Plaintiff in violation of Section 1692c(c) after being notified to cease further communication and it failed to send Plaintiff the written notice required by Section 1692g. The Court also found in its July 17, 1980 Order that Defendant failed to comply with the licensing requirements set forth in Fla.Stat.Ann. § 559.57(1). The question of Plaintiff's entitlement to damages under each of the foregoing code sections was reserved for trial of the case.

■ Plaintiff seeks an award of damages not only under the aforementioned statutes, but also under the following statutes: 15 U.S.C. § 1692e and Fla.Stat.Ann. § 559.73, both of which proscribe misrepresentations by a debt collector, and Fla.Stat.Ann. § 559.72(15) which prohibits the refusal by a debt collector to provide adequate identification of himself when requested to do so; also Plaintiff seeks to recover under 15 U.S.C. § 1692e(3) which prohibits a debt collector's false representation that he is an attorney. There was no evidence to support Plaintiff's claims as set forth in this paragraph. Therefore, judgment shall be entered in favor of Defendant on each of these claims.

■ During the course of the trial, Defendant asked the Court to reconsider its Order granting summary judgment as to liability on Plaintiff's cause of action under 15 U.S.C. § 1692g, pointing out that such section does not apply to any debt collection initiated prior to the effective date of the subchapter. The instant debt collection clearly was initiated prior to the effective date of the subchapter; therefore, the Court hereby VACATES that portion of its July 17, 1980 Order granting summary judgment on the issue of liability as to Plaintiff's claim under 15 U.S.C. § 1692g. Judgment is hereby entered for Defendant with respect to said claim.

The Court then turns to the remaining matters before it, namely, assessment of damages for the violations of 15 U.S.C. § 1692c(c) and Fla.Stat.Ann. § 559.57(1).

15 U.S.C. § 1692k(a)(1) provides that a successful plaintiff may recover any "actual damage" sustained as a result of the debt collector's violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692k(a)(2)(A) further provides that such plaintiff may recover "such additional damages" as the court may allow, but not exceeding $1,000.00.

■ The term "actual damage" under § 1692k(a)(1) is not defined in the Act. The evidence showed no physical injury to Plaintiff; neither was there any out–of–pocket loss caused by Defendant's violation of the Act. Since the particular section of the Act which has been violated is designed to stop harassment of debtors through repeated contact by the creditor, the Court holds that Plaintiff's entitlement to damages here should turn on whether or not he would be entitled to collect damages, were this a cause of action for the intentional infliction of mental distress. Under Georgia law, damages for mental suffering and emotional anguish can be recovered, where there is intentional infliction of mental distress, without a showing of contemporaneous physical harm. *See American Finance and Loan Corp. v. Coots*, 105 Ga.App. 849,

---

1. Defendant did not offer any testimony as to why collection efforts were begun again.

125 S.E.2d 689 (1962).[2] The Court finds that while Defendant did not have specific intent to inflict emotional distress on Plaintiff, it did intend to place the December, 1978 telephone calls to him and did so with the knowledge that he denied the debt and had instructed Defendant not to call him again, pursuant to 15 U.S.C. § 1692c(c). Thus, the Court finds that Defendant is liable to Plaintiff for his emotional distress and anguish, if any. Having considered the testimony adduced at the trial, in particular the Plaintiff's own testimony, the Court finds that Plaintiff is entitled to recover only limited damages for his mental anguish. In the first place, the December, 1978 telephone calls were few in number and were short. Secondly, while Plaintiff did experience some distress, his reaction to these telephone calls on the whole is better characterized as indignation at the perceived violation of his legal rights rather than anguish or distress. Plaintiff is awarded actual damages in the sum of $100.00.

■ Plaintiff further seeks damages under 15 U.S.C. § 1692k(a)(2)(A) which permits additional damages up to but not exceeding $1,000.00. 15 U.S.C. § 1692k(b)(1) states that in assessing damages under such portion of the statute, the Court shall consider, among other relevant factors—"frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Taking into account the fact that the subject violation occurred within the first year when the Act was effective, the absence of specific intent on the part of Defendant to injure Plaintiff, the limited nature of the contacts, and the fact that Defendant is a multi-state organization with legal advice at its ready disposal, the Court hereby awards Plaintiff the sum of $250.00 as additional damages.

■ Finally, the Court turns to the matter of damages in connection with Defendant's violation of Fla.Stat.Ann. § 559.57(1). As previously stated, the Court found in its Order of July 17, 1980, that the December, 1978 phone calls from Defendant's Atlanta, Georgia office (which is not licensed to do business in Florida) to Plaintiff in Florida, constitute a violation of such code section. Fla.Stat.Ann. § 559.77(1) provides that where violation of the Consumer Collection Practices Act is found to exist, "the defendant shall be liable for actual damages or $500.00, whichever is greater, together with court costs and reasonable attorney's fees." Thus, literally read, the Florida Statute does require an award of damages for the cited violation. Plaintiff has proved no actual damages;[3] hence, an award of $500.00 damages is hereby made.

Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff is entitled to reasonable attorney's fees. Plaintiff is hereby DIRECTED to file an application with the Court within ten (10) days from date of entry hereof. Defendant shall have twenty (20) days from date of entry of this Order within which to file any response it may desire to file. If either party wishes an evidentiary hearing on the question of attorney's fees, same shall be stated in a written request to the Court. Absent a written request, the Court will determine the matter on the basis of the application and briefs.

**2.** In its *amicus curiae* brief filed September 23, 1980, the Georgia Legal Services Program argued that there is a federal "common law" rule that mental distress is an injury for which "actual" damages can be proven, and that federal common law, not state law, is relevant where the damages result from a violation of a federal statute. Although this Court has some reservation as to the existence of such a federal common law rule, it feels confident that state law is an appropriate guide to a determination of actual damages in this case. As the Supreme Court stated in *Sullivan v. Little Hunting Park*, 396 U.S. 229, 240, 90 S.Ct. 400, 406, 24 L.Ed.2d 386 (1969), with respect to a violation of 42 U.S.C. § 1982, "both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes. . . . The rule of damages, whether drawn from federal or state sources, is a federal rule responsive to the need whenever a federal right is impaired."

**3.** No actual damages have been shown to have resulted from the violation of § 559.57(1). Any mental distress testified to at trial resulted from violation of 15 U.S.C. § 1692c(c).

In summary, judgment shall be entered in favor of Plaintiff in the sum of $850.00 in damages as aforesaid, plus all costs of this action and reasonable attorney's fees. On all other claims, judgment shall be entered for Defendant.