**Aldo L. LIVERA, Jr., et al., Plaintiffs,**

v.

**FIRST NATIONAL STATE BANK OF NEW JERSEY, et al., Defendants.**

Civ. A. No. 82–1730.

United States District Court,
D. New Jersey.

April 21, 1983.

Cerny & Mochary by Gianni Donati, Montclair, N.J., for plaintiffs Aldo L. Livera and Alpha Hermetic, Inc.

Raff, Scheider, & Wiener, P.C. by Arthur C. Linderman, Newark, N.J., for defendant First Nat. State Bank.

W. Hunt Dumont, U.S. Atty. by Andrew J. Miller, Asst. U.S. Atty., Newark, N.J., for defendant Small Business Administration.

## OPINION

CLARKSON S. FISHER, Chief Judge.

Susan Livera and the Livera Company move to dismiss the third-party complaint against them. Defendant First National State Bank of New Jersey (Bank) moves to join as parties Susan Livera and the Livera Company. For the reasons stated herein, the motion of Susan Livera and the Livera Company to dismiss is granted, and the Bank's motion to join parties is also granted.

This is an action brought by plaintiffs Alpha Hermetic, Inc., a small-business corporation, and Aldo Livera, Jr., Charles D. McAllister, Alice Ann McAllister and C.M.R. Industries, Inc. as guarantors of certain Alpha Hermetic obligations. Plaintiffs allege that defendants, acting through the Bank, (1) induced them into a credit relationship under the Small Business Administration loan program; (2) charged an excessive rate of interest on the loans; and (3) otherwise failed to protect plaintiffs' interests. The Bank denied the allegations and filed a counterclaim against plaintiffs demanding the amount due and owing on plaintiffs' defaulted loans. Thereafter, the Bank moved to amend its answer and counterclaim to include a third-party complaint against Susan Livera and the Livera Company as additional guarantors of Alpha Hermetic's obligations under the loans.

Since all claims arose out of the same transaction and occurrence, and complete relief could not be afforded without the obligations of Susan Livera and the Livera Company being adjudicated, I granted the Bank's prior motion to include a third-party complaint against Susan Livera and the Livera Company. The question now is whether the parties were properly impleaded under Fed.R.Civ.P. 14.

Rule 14 provides that a defendant party, as a third-party plaintiff, may summon a person, not a party to the action, who

is or may be liable to him for all or part of the plaintiffs' claim against him. While rule 14 should be construed liberally in order to prevent a multiplicity of suits arising out of the same factual situation, *Hanhauser v. United States,* 85 F.R.D. 89 (M.D.Pa. 1979); *Arsht v. Hatton,* 72 F.Supp. 851 (E.D.Pa.1947), it does not fit the facts of this case.

In the present case, plaintiffs claim that the Bank is liable for damages arising out of the Bank's violation of federal law. The Bank, however, does not claim that the third-party defendants would be liable to pay these damages if plaintiffs prevail. In fact, the Bank's third-party complaint alleges that the third-party defendants are liable to the Bank for the obligations of Alpha Hermetic. Therefore, upon further reflection, Fed.R.Civ.P. 14 articulates the sole criterion for determining the propriety of impleading a party and cannot be liberalized to encompass the instant situation. Accordingly, the motion of Susan Livera and the Livera Company to dismiss is granted.

While under rule 14 the third-party complaint must be dismissed, Fed.R.Civ.P. 19 contemplates the proper joinder of Susan Livera and the Livera Company. Rule 19 allows joinder if the court has jurisdiction over the subject matter and parties and complete relief cannot be granted amongst those already parties without such joinder. The purpose of the rule stresses the desirability of joining those persons in whose absence the court would be obliged to grant only partial relief. Thus, if these persons are amenable to the jurisdiction of the court and can be served with process, they should be joined.

In their complaint plaintiffs invoked the jurisdiction of the court under 15 U.S.C. § 631 *et seq.* and 13 C.F.R. § 101.1 *et seq.* An independent basis of jurisdiction need not be present when joining Susan Livera and the Livera Company as parties to the action. In addition, the parties are New Jersey residents and are subject to service of process here. Furthermore, in the event that defendants prevail, the ability of the

Bank and Small Business Administration to get complete recovery against plaintiffs without joinder of Susan Livera and the Livera Company is inhibited. A judgment by defendants against plaintiffs would be unenforceable and uncollectable until a separate judgment in the same court could be obtained against the parties. Thus, defendant's motion to join Susan Livera and the Livera Company as parties in this action is granted. Two orders accompany this opinion. No costs.