**In re Clara LITTLES, Debtor.**

**Clara LITTLES, Plaintiff,**

**v.**

**Arnold R. LIEBERMAN,
Esquire, Defendant.**

**Bankruptcy No. 87–00925S.
Adv. No. 87–0247S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 7, 1987.

Margaret E. Taylor, Philadelphia, Pa., for plaintiff/debtor.

Anne Matchulet, Philadelphia, Pa., for defendant.

Edward Sparkman, Philadelphia, Pa., Trustee.

OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The instant matter is a Motion to Dismiss filed by the Defendant, Arnold R. Lieberman, Esquire (hereinafter referred to as "the Defendant") based upon an adversarial Complaint filed by the Plaintiff-Debtor, Clara Littles. Ms. Littles is a Debtor under Chapter 13 of the Bankruptcy Code.[1] The Debtor's Complaint alleges that the Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "FDCPA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereinafter referred to as "UDAP").

Briefly, the Defendant's Motion to Dismiss is apparently premised upon three theories: (1) that Ms. Littles' Complaint fails to state a cause of action upon which relief may be granted; (2) that this Court lacks jurisdiction over matters involving personal injuries pursuant to 28 U.S.C. § 157(b)(5); and (3) that the FDCPA does not apply to the Defendant. We have no hesitation in denying the Defendant's Motion to Dismiss and, indeed, the asserted grounds strike us as frivolous.

A Motion to Dismiss on the theory that the plaintiff has failed to state a claim upon which relief can be granted is authorized by Bankruptcy Rule 7012(b), which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "F.R.Civ.P.").

It is black-letter law that a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted" and that such relief is "to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1357, at 598, 694 (1969). Put otherwise, "a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to*

*no relief under any state of facts which could be proved in support of the claim."* 2A J. MOORE & LUCAS, MOORE'S FEDERAL PRACTICE, § 12.08, at 2271–74 (2d ed. 1983).

The assertions are well-supported by authority from no less than repeated assertions by the Supreme Court of the United States. *See McLain v. Real Estate Bd. of New Orleans,* 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); and *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). *See also e.g., Paolino v. Channel Home Centers,* 668 F.2d 721, 722–23 (3d Cir.1981); *Fidtler v. Rundle,* 497 F.2d 794, 801 (3d Cir.1974); and *Safeguard Mut. Ins. Co. v. Miller,* 472 F.2d 732, 734 (3d Cir.1973).

It is abundantly clear to us that there is no "insuperable bar" to the Plaintiff's Complaint and that she could at least conceivably succeed in her claim. Therefore, the contention that the Complaint could be dismissed for failure to state a claim upon which relief could be granted totally lacks merit.

All that is required in federal pleadings is a short and plain statement of the claim showing that the pleader is entitled to relief, i.e., notice pleading is sufficient. F.R.Civ.P. 8; Bankruptcy Rule (hereinafter referred to as "B.R.") 7008, 1 MOORE'S MANUAL, FEDERAL PRACTICE AND PROCEDURE § 10.04 (1986) (citations omitted). *See In re Matzulis; Matzulis v. Lomas & Nettleton Co.,* 74 B.R. 552, 554–55 (Bankr.E.D.Pa.1987) (Rule 8 establishes liberal pleading rules and abolishes "theory of the pleadings" doctrine); and *In re American International Airways,* 66 B.R. 642, 645–46 (Bankr.E.D.Pa.1986) (court will not countenance objections based on claims of vague pleadings). Our review of the Complaint leads us to conclude that the Debtor has sufficiently pleaded her causes of action. We further note that the Defendant's arguments as to proof or lack thereof are premature insofar as the Plain-

---

1. In view of the nature of the instant Motion, certain factual allegations have been assumed to be true only for the purposes of deciding this Motion.

tiff has not yet had the opportunity of proving her case at trial.

■ In analyzing that aspect of the Defendant's Motion based upon 28 U.S.C. § 157(b)(5), we note that we agree with the Plaintiff's assertion that the Defendant misapprehends the nature of the relief sought. The claim for damages based upon physical and emotional complaints has been pleaded as an element of her damages and not as a separate personal injury tort, e.g., intentional or negligent infliction of emotional distress. *See Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830 (11th Cir.1982) (upon timely demand, party is entitled to a jury trial in an action for damages under FDCPA as the cause of action falls into traditional tort area). The plain language of the statute in issue provides for the award of actual damages. 15 U.S.C. § 1692k(a)(1). The analysis of whether damages for emotional distress have been proven under this statute need not rise to the level required to prove the tortious infliction of emotional distress. *See Carrigan v. Central Adjustment Bureau, Inc.,* 502 F.Supp. 468 (N.D.Ga.1980).

■ We believe that emotional distress as a component of damages here, specifically allowed under a statute such as 15 U.S.C. § 1692(a), is analogous to emotional distress as a component of damages under 11 U.S.C. § 362(h), *see, In re Wagner; Wagner v. Ivory,* 74 B.R. 898, 905 (Bankr. E.D.Pa.1987), or actual damages under the Truth-in-Lending Act or unfair trade practices acts. *See In re Russell,* 72 B.R. 855, 861–64, 870–72 (Bankr.E.D.Pa.1987). It was properly never contended by the respective Defendants in those cases that the damages sought in those actions were the sort of damages contemplated by 28 U.S.C. § 157(b)(5). Similarly, we believe that violations of the FDCPA, by their very nature, (e.g., abusive, deceptive or unfair debt collection practices), are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance. We find additional support for our analysis in the introductory statement of "Congressional findings and declaration of purpose" of § 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

Consequently, consequential damages for emotional or physical distress does not trigger the application of 11 U.S.C. § 157(b)(5).

■ Moreover, we note the unusual wording of § 157(b)(5), which refers to "personal injury tort." It appears to this Court that such reference must be limited to those torts or causes of action which require proof of damage as an element of the underlying cause of action. This is not necessary in an action for damages under the FDCPA.

Lastly, the Defendant's contention that the FDCPA does not apply to the Defendant herein is a factual issue to be resolved upon proofs and cannot be determined by a Motion to Dismiss. *See* page 241 *supra.*

Finally, the Defendant makes a brief contention that, because the Plaintiff made no allegation of the $10,000.00 damage claim, this Court has no jurisdiction. As is accurately pointed out by the Plaintiff's counsel, there is no jurisdictional requirement of an amount in controversy. 15 U.S.C. § 1692K(d).

An appropriate Order is attached.

### ORDER

AND NOW, this 7th day of July, 1987, in consideration of the Motion to Dismiss the Complaint of the Plaintiff-Debtor, CLARA LITTLES, filed by the Defendant, ARNOLD R. LIEBERMAN, ESQUIRE, it is hereby

ORDERED that the said Motion be and the same is hereby DENIED.

This Court's Order of May 29, 1987, scheduling the matter for trial on July 9, 1987, remains in full force and effect.