**In re Wanda DINKINS a/k/a Wanda Payne, Debtor.**

**Wanda DINKINS a/k/a Wanda Payne, Plaintiff,**

v.

**MARGARETTEN & CO., J.B. Heavey & Co. and Federal Housing Administration and HUD and Commercial Mortgage Corp., Defendants.**

Bankruptcy No. 87–01372S.
Adv. No. 87–0332S.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 5, 1987.

Michael Donahue, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Joel Friedman, Media, Pa., for movant.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

Before us is a Motion of an entity designated in the pleadings as "J.B. HEAVEY & CO." (hereinafter referred to as "the Movant"), to dismiss the Plaintiff–Debtor's Complaint against it, the only remaining defendant, on several grounds, presumably pursuant to Bankruptcy Rule (hereinafter referred to as "B.Rule") 7012 and Federal Rules of Civil Procedure (hereinafter referred to as "F.R.Civ.P.") 12(b)(6) and (b)(7). Given the very demanding standards which a movant must meet to prevail upon such a Motion, we are constrained to deny the instant Motion, but on the condition that the Debtor clear up the "parties' problems" which the Movant accurately points out exist in the Plaintiff's present Complaint and also clarify its allegations against the Movant in an Amended Complaint.

The Debtor filed the underlying Chapter 13 bankruptcy case on March 23, 1987. On April 8, 1987, she initiated this adversarial proceeding against the following parties in a breach of warranty action arising from the purchase of an allegedly defective home at 2826 West 10th Street, Chester, Pennsylvania 19013, on May 24, 1985:

1. Her original mortgagee, MARGARETTEN & COMPANY, INC.

2. The Movant, the real estate broker in the sale transaction.

3. The FEDERAL HOUSING ADMINISTRATION of the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (hereinafter referred to as "FHA"), which insured the mortgage; and

4. COMMERCIAL MORTGAGE CORP., the assignee of the original mortgage.

On July 22, 1987, the Plaintiff agreed to an Order dismissing the mortgagee-defendants and, on September 21, 1987, she stipulated that the FHA should also be dismissed. The Movant filed an Answer on May 8, 1987, pleading several affirmative defenses. However, on August 24, 1987, the Movant also filed the instant Motion, incorporating therein its previously-filed Answer.

On September 23, 1987, the date listed for trial, the parties came before us and agreed to the following schedule for disposition of this matter, which was subsequently memorialized in our Order of September 24, 1987:

1. The Plaintiff would answer the Motion to Dismiss on or before October 2, 1987, and respond to certain outstanding discovery on or before October 9, 1987.[1]

2. The parties would submit Briefs on or before October 16, 1987, and October 26, 1987, respectively.

3. If the Motion were denied, the trial would be conducted on December 2, 1987.

The issues raised by the Movant in the Motion are as follows:

1. The Plaintiff failed to join the following two indispensable parties and therefore allegedly "lacked standing" to maintain this action: (a) the co-owner of the premises, one Wilbert Wimbush, and (b) the

---

1. We note that the discovery responses were not filed until October 19, 1987, subsequent to the filing of a Motion for Sanctions by the Movant on October 15, 1987.

Standing Chapter 13 Trustee, Edward Sparkman, Esquire.

2. "J.B. HEAVEY & CO." is a fictitious name of Joseph B. Heavey, and hence Mr. Heavey should have been named as a defendant rather than the Movant.

3. The Plaintiff failed to state a claim upon which relief could be granted on the merits, relying principally upon a decision of the Pennsylvania Superior Court, *LeDonne v. Kessler*, 256 Pa.Super. 280, 389 A.2d 1123 (1978), of which a copy was attached to the Movants' Brief.

The controlling F.R.Civ.P. 12(b)(6) and (b)(7) provide as follows:

(b) How Presented. Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...

. . . . .

(6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.... If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

It is black-letter law that a motion to dismiss "is viewed with disfavor and is rarely granted" and that such relief is "to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1357, at 598, 604 (1969). Put otherwise, "the court should deny a motion to dismiss for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief.'" 2A J. MOORE, FEDERAL PRACTICE, § 12.07[2.–5], at 12–65 (2d ed. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

These assertions are well-supported by other Supreme Court authority. In *McLain v. Real Estate Bd. of New Orleans*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980), the Court states:

It is axiomatic that a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see* 5 C. WRIGHT & A. MILLER, Federal Practice and Procedure §§ 1202, 1205–1207, 1215–24, 1228 (1969).

Perhaps the most memorable statement of the duties of a court presented with a motion to dismiss is set forth thusly by Chief Justice Berger in *Scheuer v. Rhodes*, 416 U.S. 232–36, 94 S.Ct. 1683–86, 40 L.Ed.2d 90 (1974):

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*See also, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Paolino v. Channel Home Centers*, 668 F.2d 721, 722–23 (3d Cir.1981); *Johnsrud v. Charter*, 620 F.2d 29, 33 (3d Cir. 1980); *Fidler v. Rundle*, 497 F.2d 794, 801 (3d Cir.1974); *Safeguard Mut. Ins. Co. v.*

*Miller,* 472 F.2d 732, 734 (3d Cir.1973); and *In re Littles,* 75 B.R. 240, 241 (Bankr.E.D. Pa.1987).

■ Therefore, the instant Motion can be granted only if we deem that the Movant's positions on the issues raised by it are not only meritorious, but incapable of correction by amendment. If amendments will conceivably cure the defects, then we should not dismiss the Complaint, but allow the Debtor to amend her Complaint to make the necessary corrections.

Both of the "parties problems" raised by the Movant appear to have merit, but also appear to be correctable by amendment. With the added proviso that a party joined may contest the venue of the bankruptcy court pursuant to 28 U.S.C. § 1412, B.Rule 7019 provides that F.R.Civ.P. 19 applies to adversarial proceedings. F.R.Civ.P. 19(a), addressing the topic of parties to be joined in actions if feasible, provides as follows:

Rule 19. Joinder of Persons Needed for Just Adjudication

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or *(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may* (i) as a practical matter impair or impede the person's ability to protect that interest or *(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.* If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the ac-

tion improper, that party shall be dismissed from the action (emphasis added).

■ We believe that, pursuant to F.R. Civ.P. 19(a)(2)(ii), emphasized above, the co-owner of the premises, William Wimbush, should be joined as a party. The purpose of Rule 19(a)(2)(ii) is to protect a person already a party to an action from potential subjection to duplicate or multiple liability by requiring all of the parties with a potentially joint claim to join in a single lawsuit. 3A J. MOORE, *supra,* ¶ 19.07[2.–0], at 19–99; ¶ 19.07[2.–2], at 19–111 to 19–112. *See Harris v. Balk,* 198 U.S. 215, 226–27, 25 S.Ct. 625, 628 (1905); and *Gregory v. Stetson,* 133 U.S. 579, 586, 10 S.Ct. 422, 424, 33 L.Ed. 7 (1890).

Consequently, where one of two tenants in common seeks to vindicate rights which do not relate exclusively to his or her own interests, the other co-tenant must be joined. 3A J. MOORE, *supra,* ¶ 19.09[2], at 19–180 to 19–181. Similarly, joint contractual obligees whose rights which are sought to be enforced in an action are not distinct must all be joined in the action. *Id.,* ¶ 19.11, at 19–211 to 19–212. *See, e.g., Harrell & Sumner Contracting Co. v. Peabody Peterson Co.,* 546 F.2d 1227, 1228–29 (5th Cir.1977); *Livera v. First Nat'l State Bank,* 100 F.R.D. 271, 273 (D.N.J.1983); *Jaillet v. Hill & Hill,* 460 F.Supp. 1075, 1078 (W.D.Pa.1978); and *Freman v. W.A. Sheaffer Pen Co.,* 111 F.Supp. 39, 49–51 (S.D.Iowa 1953), *aff'd,* 209 F.2d 627, 630 (8th Cir.1954).

The Plaintiff argues that she has pending in this court an unopposed action to reform the deed to her premises to eliminate therefrom Mr. Wimbush, who was apparently excluded from the premises as the result of an Order in a Protection from Abuse action instituted against him by the Plaintiff. However, certainly until a decree actually terminating his interest in the premises is entered and perhaps even subsequently thereto, Mr. Wimbush would have potential rights against the Movant as a co-owner of the premises at the time of the alleged breaches of warranty which he could later assert against the Movant in a separate action. This potential, we believe,

requires his joinder under Rule 19(a)(2)(ii), either as a party defendant or, more properly, as an involuntary plaintiff. *See* 3A J. MOORE, *supra,* ¶ 19.11, at 19–212. Alternatively, the Plaintiff requests permission to amend her Complaint to add Mr. Wimbush as a party thereto, which indicates that he can be made a party, and that dismissal due to his indispensability would be inappropriate. *See* F.R.Civ.P. 19(b).

■ The Movant's assertion that the Chapter 13 Trustee must also be added as a party, presumably also pursuant to Rule 19(a)(2)(ii), also is well-taken. The Plaintiff's claims, not having been abandoned by the Trustee, are clearly property of her estate. The Movant could later be subjected to liability at the hands of the Trustee for the same claims asserted by her on her own behalf here. Although the Trustee's express waiver of any claim of the estate against the Movant could justify his omission, *cf. Smith v. State Farm Fire & Cas. Co.,* 633 F.2d 401, 405 (5th Cir.1980), no such waiver is in evidence here, and hence the joinder of the Trustee is also necessary to protect the Movant from multiple liability. *Cf. Vreugdenhil v. Hoekstra,* 773 F.2d 213, 215 (8th Cir.1985); *Steyhr Daimler Puch of America Corp. v. Pappas,* 35 B.R. 1001, 1004 (E.D.Va.1983); and *Baker v. Data Dynamics, Inc.,* 561 F.Supp. 1161, 1165 (W.D.N.C.1983).

Although the Plaintiff indicates an unawareness of the foregoing authority, she alternatively indicates a willingness to join the Trustee if we determine that he is a necessary party, and an opportunity to amend her Complaint to do so. As in the case of Mr. Wimbush, we consider this request appropriate, and we are quite confident that our Standing Chapter 13 Trustee, Edward Sparkman, Esquire, will cooperate in his addition to this proceeding as a voluntary plaintiff.

■ The Movant next alleges that the Plaintiff's designation of the Movant as "J.B. HEAVEY & CO." is in error because in fact it is an unincorporated business owned by Joseph B. Heavey. Assuming the accuracy of the Movant's representations, it is correct that Mr. Heavey, individually, should be named as a party. However, again, this defect is eminently correctable by amendment of the Complaint to name Mr. Heavey individually. Although the Movant may not technically be a "fictitious name" because it does constitute the use of the principal's name with a slight appendage, *see Lamb v. Condon,* 276 Pa. 544, 120 A. 546 (1923), the naming of Mr. Heavey individually as a defendant is a distinction without substantive impact on this lawsuit except to assure that the designation of the defendant is proper. We assume that the Plaintiff herself would wish to designate the Movant correctly in an Amended Complaint.[2]

■ In addition to the foregoing "parties problems," which are clearly correctable by amendment, the Movant argues that the substance of the Plaintiff's Complaint is at least in part subject to dismissal. The Complaint, at paragraph 13, recites a number of "defects" in the premises, allegedly contrary to the original mortgagee's certification that no such defects were present. These alleged defects include the failure of the stove, oven, or dishwasher to work; leaks of the toilet, bathtub, water pipes, gas system, hot water heater, and roof; and certain electrical problems in the premises. The Movant attaches the parties' Agreement of Sale to its Answer and points out the presence therein of paragraph 12, which states as follows:

It is understood that Buyer has inspected the property, or hereby waives the right to do so, and he has agreed to purchase it as a result of such inspection, not because of or in reliance upon any representation made by the Seller or any other officer, partner, or employee of Seller, or by the agent of the Seller, or by any of the latter's salesmen and employees, and that he has agreed to purchase it in its present condition unless otherwise specified herein. It is further understood that this agreement contains

---

2. We note that a real estate broker is liable for misrepresentations of his agent in sales of real-ty. *See Aiello v. Ed Saxe Real Estate, Inc.,* 508 Pa. 553, 499 A.2d 282 (1985).

the whole agrement between the Seller and Buyer and there are no other terms, obligations, covenants, representations or conditions, oral or otherwise, of any kind whatever concerning the sale. Furthermore, this agreement shall not be altered, amended, changed or modified except in writing executed by the parties hereto.

The Movant contends that the *LeDonne* decision, cited *supra*, bars the Plaintiff's action pursuant to the parol evidence rule because she has "failed to allege any facts explaining why perusal of the agreement before execution of the agreement did not afford adequate protection against deliberate omission from the contract." Brief in Support of Motion to Dismiss, at 5.

We quoted the Movant's Brief above because we are unable to totally understand the Movant's reading of *LeDonne* and its application to this case, and, therefore, we did not wish to inaccurately paraphrase it. The *LeDonne* Opinion, attempting, as it does, to reconcile basically inconsistent precedent of the Supreme Court of Pennsylvania in *National Building Leasing, Inc. v. Byler,* 252 Pa.Super. 370, 381 A.2d 963 (1977) (application of parol evidence rule rejected because of allegations of fraud); and *Bardwell v. Willis Co.,* 375 Pa. 503, 100 A.2d 102 (1953) (only averment that representations were fraudulently omitted from an agreement would overcome parol evidence rule), "with questionable success" in so doing, *Betz Laboratories, Inc. v. Hines,* 647 F.2d 402, 406 (3d Cir.1981), is less than a model of clarity. However one conclusion which can be reached from reading *LeDonne* and a later Superior Court decision, *Mancini v. Morrow,* 312 Pa.Super. 192, 458 A.2d 580 (1983), is that the parol evidence rule will not be utilized to bar a buyer's warranty claim based upon a defect which the buyer has not in fact noticed, irrespective of the text of the Agreement of Sale. Thus, in *LeDonne,* the buyer's claims based upon water leakage problems which the buyers had discovered and inspected at length personally were barred by the parol evidence rule because of the presence of a clause similar to Paragraph 12 in the instant Agreement. However, the *LeDonne* buyers were not barred by the rule from raising claims regarding the septic system, which they had not inspected. In *Mancini,* the court held that, despite the absence of any affirmative misrepresentations by the seller and the presence of a clause similar to paragraph 12 in the agreement of sale, concealment of water-leakage problems and a bulging garage wall prevented the application of the parol evidence rule to bar the buyers' asserted warranty claims.

In any event, we are obliged to follow the interpretation of Pennsylvania law set forth by our Court of Appeals in *Betz, supra.* There, the Court held that, if fraud were proven, the disclaimers of warranties in the agreement of sale would be invalidated entirely. Thus, we conclude, with that Court, "that it would surely not be desirable to allow a wrongdoer to evade responsibility by incorporating in writing a boilerplate integration clause disclaiming his fraudulent representations." 647 F.2d at 407.

The portion of the Movant's Brief which we quoted above as framing the issue, followed as it is with a denunciation of the Plaintiff's ten-day delay in making discovery, *see* page 255, n. 1 *supra,* appears to constitute a contention by the Movant that the Plaintiff's Complaint and her responses to discovery fail to identify the requisite fraud or misrepresentation on its part with the requisite specificity. It is true that the Plaintiff's Complaint is not a model of clarity nor particularity. The recitation of the defects is in a paragraph relating to the certification supplied to the Plaintiff by the since-dismissed original mortgagee. Complaint, paragraph 13. The allegations relating to the Movant's conduct is several paragraphs before and recite only that the Movant falsely represented that the house was in "good and habitable condition." Complaint, paragraphs 7–8.

However, construing every doubt in favor of the Plaintiff, as we are required to do on in considering a Motion to Dismiss, we cannot say that the Plaintiff could prove no set of facts entitling her to relief.

The Complaint may be read as alleging, and the Plaintiff may be able to prove in support of such allegations, that the Movant misrepresented each of the conditions alleged to be defective at paragraph 13. She may be able to establish such fraud of the Movant as would vitiate the contract and eliminate the application of the agreement of sale and hence the parol evidence rule. We will allow her to amend her Complaint to allege same, if she is able to do so. If she is not able to do so, we trust that she will voluntarily dismiss her Complaint.

We certainly cannot and will not draw inferences against her and dismiss the Complaint at this juncture. The Movant had, at its disposal, the option, as is indicated in F.R.Civ.P. 12(b), quoted at page 256 *supra,* of filing a Motion for Summary Judgment, or requesting this Court to consider the instant Motion as a motion for summary judgment pursuant to B.Rule 7056 and F.R.Civ.P. 56(b).

■ There was, however, no indication from either the Defendant or, consequently, from this Court that this Motion was to be treated as a Rule 56(b) Summary Judgment Motion. Since this was not done, nothing outside of the Complaint could be considered in ruling on this Motion. *See J.M. Mechanical Corp. v. United States,* 716 F.2d 190, 196–97 (3d Cir.1983); and *David Elliott Internat'l v. Pan American Container Corp.,* 705 F.2d 705, 707–08 (3d Cir.1983).

■ We have therefore concluded that, contingent upon the Plaintiff's amendment of her Complaint to meet those contentions by the Movant which we deem meritorious, the Motion before us must be denied. We note that the deletion of allegations concerning the numerous parties defendant dismissed herefrom will also contribute to causing this Complaint to look quite different from its original formulation.

However, we are also cognizant that we established the trial date in this matter as December 2, 1987, in our Order of September 24, 1987. The matter is not complex. It is doubtful whether the Movant will be surprised by the content of any of the Plaintiff's amendments, as discovery has already taken place. We shall therefore require the Plaintiff to file and serve the Amended Complaint on the Movant and the newly-added parties on or before November 16, 1987, and the Movant and require the additional parties to plead, if they choose to do so, on or before November 30, 1987. In this way, we can retain our originally-established trial date.

An Order consistent with this Opinion shall be entered.