**In re DIRECT SATELLITE COMMUNICATIONS, INC., Debtor.**

**DECHERT PRICE & RHOADS, Plaintiff,**

v.

**DIRECT SATELLITE COMMUNICATIONS, INC., Defendant.**

**Bankruptcy No. 85–05571K.**
**Adv. No. 87–1071S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 29, 1988.

Louis W. Fryman, Philadelphia, Pa., for plaintiff.

Spencer Ervin, Jr., Philadelphia, Pa., for defendant/debtor.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

The instant adversary proceeding is, in substance, a Proof of Claim filed by the

Plaintiff, the law firm of DECHERT PRICE & RHOADS (hereinafter referred to as "Dechert"), to which the Debtor, DIRECT SATELLITE COMMUNICATIONS, INC. (hereinafter referred to as "the Debtor"), has filed a counterclaim. It is, therefore, a "core proceeding" such as is described by 28 U.S.C. § 157(b)(2)(C).

Dechert's Proof of Claim was submitted for the relatively modest sum of $36,900.00 for legal services rendered. The Debtor's counterclaim demanded damages in excess of $1 million based upon intentional or negligent malpractice by a former Dechert partner, Louis N. Marks, Esquire (hereinafter referred to as "Marks"), as a result of the failure of Marks to make the Debtor's other Board members aware of alleged irregularities by the former President of the Debtor, Errett L. Carpenter (hereinafter referred to as "Carpenter"), in certain stock purchase transactions between Carpenter and the Debtor.

Dechert sought to dismiss the Complaint on three grounds, only one of which remains viable: (1) Improper service of the initial pleading in this proceeding, which was withdrawn at argument on the motion on February 24, 1988; (2) Pendency of a similar state court action, commenced by praecipe for a writ of summons in state court in March, 1987, naming Dechert, Marks, and a present Dechert partner, Richard S. Seltzer, Esquire, as Defendants. The presence of this action was asserted as a basis to either dismiss this action or to stay it pending the state court outcome. Since the state court action had not proceeded after this initial filing, we could perceive no basis to dismiss this action or stay this proceeding during its pendency, and we therefore denied any motion on this ground during the course of the argument on February 24, 1988; and (3) The failure of the Debtor to join Carpenter, alleged to be a necessary and indispensable party, to this action. This is the only remaining viable basis for dismissal, and we herein reject this ground as well.

This third ground for dismissal is based on Bankruptcy Rule (hereinafter "B. Rule") 7019 and Federal Rule of Civil Procedure (hereinafter "F.R.Civ.P.") 19(a), which reads as follows:

Rule 19. Joinder of Persons Needed for Just Adjudication

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

■ We believe that F.R.Civ.P. 19(a) can best be conceptualized as articulating three grounds for dismissal, from the vantage point of the three respective potentially interested parties, as follows: (1) 19(a)(1)—the party asserting the cause of action, i.e., the Debtor here; (2) 19(a)(2)(i)—the absent party, i.e., Carpenter; and (3) 19(a)(2)(ii)—the party opposing the action, i.e., Dechert. We also believe that the proper initial response to a meritorious F.R.Civ.P. 19 motion is to direct the party asserting the cause of action to add the omitted party in an amended pleading rather than dismissing the action. *See Field v. Volkswagenwerk, AG,* 626 F.2d 293, 300 (3d Cir.1980); and *In re Dinkins,* 79 B.R. 253, 256–57 (Bankr.E.D.Pa.1987).

■ Since Dechert is the party making the motion, we would normally be most

sensitive to its objections based on F.R.Civ. P. 19(a)(2)(ii), since these would be contentions that *it* will be harmed by the omission of the absent party. *Compare Dinkins, supra*, 79 B.R. at 257–58. However, here, at argument, Dechert properly conceded that the absence of Carpenter does not give rise to Dechert's submission to potential duplicative or multiple recoveries. Therefore, the basis which is generally the most persuasive in a defendant's Rule 19 motion, i.e., its own prejudice from the plaintiff's failure to join the absent party, is not present here.

Dechert is thus left with convincing us that the Debtor has, apparently irrationally, failed to include a party whose omission will deny the Debtor itself complete relief or establishing that Carpenter's interests are unfairly prejudiced by his omission.

In considering whether the requirement of F.R.Civ.P. 19(a)(1) is met, we note that this section of the Rule refers only to the completeness of the relief "between the persons already parties, and not as between a party and the absent party whose joinder is sought." 3A J. MOORE, FEDERAL PRACTICE, ¶ 19.07–1[1], at 19–96 (2d ed. 1987). *See also Field, supra*, 626 F.2d at 301. Further, the application of this section of the Rule is limited to a situation where "'the court would be obliged to grant "hollow" or partial rather than complete relief to the parties before the court.'" 3A J. MOORE, *supra*, at 19–93 (quoting the Advisory Committee Note to F.R.Civ.P. 19), or where, in the absence of the allegedly indispensable party, "the court would be unable to fashion an effective decree." *Field, supra*, 626 F.2d at 301. It has expressly not been held applicable in a situation where the party whom the movant contends should be joined is a joint tortfeasor with the party or parties already named. *See, e.g., Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987); *Burkett v. Western Maryland Ry.*, 595 F.Supp. 1058, 1062 (M.D.Pa.1984); and *Micheel v. Haralson*, 586 F.Supp. 169, 171 (E.D.Pa.1983).

We do not believe that the absence of Carpenter renders us unable to fashion an effective remedy against Dechert, or would render any award of relief against Dechert "hollow." The Debtor's claims against Dechert are based solely on Dechert's alleged malpractice, to which Carpenter was not a direct participant. Certainly, Dechert *is* situated as to provide substantial relief to the Debtor. Therefore, we decline Dechert's contention that F.R.Civ.P. 19(a)(1) requires Carpenter's joinder.

The closest question is whether F.R.Civ. P. 19(a)(2)(i) requires Carpenter's joinder because Carpenter's absence will impair or impede his ability to protect his interests later if the proceeding results in a judgment adverse to Dechert which also implicates him. This was the most persuasive basis for the holding of the court in *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 561 (M.D.Pa.1982), that certain parties who were "active participants" in the issues relating to the claims of liability were found indispensable.

Ultimately, however, we feel that the Debtor's claims against Dechert, based upon malpractice, are sufficiently distinct from its potential claims of malfeasance against Carpenter that it should not be compelled to add him to this action. Carpenter would not be bound by res judicata, since he is not a party. *See, e.g., United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir.1984); and *In re Laubach*, 77 B.R. 483, 485 (Bankr.E.D.Pa.1987). Since the Debtor's claims against Dechert appear to be distinct from those which could be raised by the Debtor against Carpenter, the issues appear sufficiently distinct to eliminate the application of collateral estoppel. *See, e.g., Haize v. Hanover Insurance Co.*, 536 F.2d 576, 579 (3d Cir. 1987); and *In re Gaebler, Blackman v. Gaebler*, 83 B.R. 264, 268–69 (Bankr.E.D. Pa.1988). A plaintiff generally should not be forced to proceed upon certain claims unless there are very strong considerations to the contrary. The Debtor chose to proceed upon Dechert's alleged malpractice rather than the particular actions of Carpenter which were detrimental to the Debtor's interests. It should be permitted to

proceed upon its claims as it wishes, unless it is clear that to do otherwise would violate the rules of court. *Compare Kingstone v. Liberman,* 99 F.R.D. 329, 331 (W.D.Pa.1983).

 We do recognize that it is not necessary that the absent person be bound by the judgment in the action from which he is omitted in order to invoke F.R.Civ.P. 19(a)(2)(i). 3A J. MOORE, *supra,* ¶ 19.07[2.–1], at 19–103. However, this is obviously an important consideration. We must further consider whether the absent party's interests may be represented by the present parties, or whether the absent party may protect his rights by exercising an opportunity to intervene in the action. *See* 3A J. MOORE, *supra,* at 19–104 to 19–108. If his interests cannot be protected, then we should invoke F.R.Civ.P. 19(a)(2)(i).

We infer that Dechert's defense will either be that there was no wrongdoing by Carpenter and, consequently, by it either, or that Carpenter was the party primarily liable for any wrongdoings. If the former defense is presented, we can anticipate that Dechert will vigorously protect Carpenter's interest as well as its own. At no point in its argument or brief did Dechert suggest that Carpenter would be prejudiced by any efforts on its part to defend his actions. On the other hand, if Dechert contends that Carpenter is primarily liable and it only secondarily liable, we trust that Dechert will seek to add Carpenter as a third-party defendant pursuant to B.Rule 7014 and F.R.Civ.P. 14(b), as its counsel indicated at argument that he would possibly be prepared to do, with no suggestion of any impediment to its doing so. It is, moreover, within Carpenter's power to seek to intervene pursuant to B.Rule 7024 and F.R. Civ.P. 24. *See GTE Sylvania, Inc. v. Consumer Product Safety Comm'n,* 598 F.2d 790, 798–99 (3d Cir.1979), *aff'd,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). If Carpenter is added by either means, he will of course be present and the motion will be moot.

We therefore conclude that, at this juncture, this proceeding may go forward without the joinder of Carpenter. Accordingly, we will enter an Order denying Dechert's motion to dismiss.

We also observe that this matter was listed for a trial on the merits on March 3, 1988, but that the parties joined in requesting a continuance to complete discovery. Accordingly, we shall include a Pre-trial Order setting forth a firm schedule for disposition of this proceeding as part of that Order.