### In re John R. HOLLIDA and Donna J. Hollida, Debtors.

### Civil Action No. 3:97–MC–09. Bankruptcy No. 96–31343.

United States District Court, N.D. West Virginia, Martinsburg Division.

Sept. 10, 1997.

---

**832**

William A. O'Brien, Martinsburg, WV, for plaintiff.

Daniel T. Booth, Martinsburg, WV, for defendant.

### ORDER

BROADWATER, District Judge.

Now pending before the Court is movant-creditor Chambers Chiropractic Offices', C.C., ("Chambers") Motion for Withdrawal of Reference (Document No. 2) and its memorandum in support filed on April 7, 1997. Debtors John R. Hollida and Donna J. Hollida have not filed a response. Accordingly, the matter is submitted for decision on the limited record therein.

The Court finds that the Motion for Withdrawal of Reference (Document No. 2) should be denied and the matter dismissed for the reasons stated below.

### I. Statement of the Facts

Debtor Donna J. Hollida (Hollida) was formerly employed as the office manager at Chambers' place of business. Hollida has since filed for bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia[1]. Chambers has filed a proof of claim against Hollida's estate for the sum of $102,774.81.[2] The basis for the proof of claim is the alleged embezzlement by Hollida during her employment as office manager.[3]

Chambers alleges that in a bankruptcy proceeding, pursuant to 11 U.S.C. § 502(a), a claim is ordinarily allowable unless a party in interest objects to the claim. Chambers asserts that, upon objection by a party in interest, the bankruptcy court must determine the amount of the claim which is due and owing and whether the claim is allowable. Chambers alleges that if a claim is based upon a personal injury tort then the district court has sole jurisdiction to liquidate the claim.

### II. Statement of the Issues

At issue before this Court is Chambers' allegation that the aforementioned claim is a personal injury tort in character so that this Court should withdraw its Order of Reference to the bankruptcy court and assume jurisdiction to liquidate the claim.

### III. Discussion

A district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judge of the district. 28 U.S.C. § 157(a)(Supp.1997). However, the district court may withdraw, in whole or on part, any case or proceeding referred, on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. § 157(d)(Supp.1997). The district court may withdraw a proceeding if it determines that the resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. *Id.*

Further, the statute provides, in part, that a bankruptcy judge may hear and determine all cases under title 11 and all core proceedings arising under title 11 and may enter appropriate orders and judgments, subject to review by the district court. *Id.; See also* 28 U.S.C. § 158 (Supp.1997). Core proceedings may include matters regarding the administration of the estate, allowance or disallow-

---

**1.** Hollida filed a Chapter 13 action along with her husband John R. Hollida in the United States Bankruptcy Court for the Northern District of West Virginia, Case Number 96–31343, which is the underlying action herein.

**2.** *See* Chambers' Memorandum in Support of Motion for Withdrawal of Reference, Proof of Claim, attached.

**3.** *See* Chambers' Memorandum in Support of Motion for Withdrawal of Reference, page 2, Argument A, paragraph 3.

ance of claims against the estate, exemptions of property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11. 28 U.S.C. § 157(b)(2) (Supp.1997). However, the statute specifically excludes the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for distribution in a case under title 11. *Id.*

Comparatively, 28 U.S.C. § 157(b)(5) provides that the district court shall order that personal injury tort and wrongful death claims be tried in the district court in which the bankruptcy case is pending. Chambers relies on *Swarcheck v. Manidis,* 1994 WL 250072 (Bankr.E.D.Pa.), an unreported case, for the proposition that personal injury torts have been defined within the meaning of § 157(b)(5) to be limited to "those torts or causes of action which require proof of damages as an element of the underlying cause of action." *Id.* at 6 (citing *Littles v. Lieberman (In re Littles),* 75 B.R. 240, 242 (Bankr. E.D.Pa.1987)). The bankruptcy court in *Littles* held that claims of consequential damages for emotional and physical distress do not trigger the application of 28 U.S.C. § 157(b)(5). *Littles v. Lieberman (In re Littles),* 75 B.R. 240, 242 (Bankr.E.D.Pa.1987).

The *Swarcheck* court also referred to *Hansen v. The Borough of Seaside Park (In re Hansen),* 164 B.R. 482, 486 (D.N.J.1994). In *Hansen,* the district court held that the exemption created by 28 U.S.C. § 157(b)(5) for personal injury tort causes of action and wrongful death claims also applies to cases without trauma or bodily injury. *Id.* The *Hansen* court opined that "personal injury tort" embraces a broad category of private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages, and included damages to an individual's person, and any invasion of personal rights, such as libel, slander and mental suffering. .... *Id.* (citations omitted). Ultimately, the *Swarcheck* court deferred adopting the above definitions as it found that the plaintiff's claim therein for sexual assault and related false imprisonment required proof of damages and, therefore, was a personal inju-

ry tort within the meaning of 28 U.S.C. § 157(b)(5). *Swarcheck,* at 6.

Consequently, it must be noted that the Fourth Circuit has neither adopted the rationale or definitions as set forth by the above cases, nor expressly addressed the issue of the defining "personal injury tort" under 28 U.S.C. § 157(b)(2)(B) in a like manner. Therefore, the cases relied upon by the Chambers herein are not binding upon this Court.

However, Chambers argues that the basis for the proof of claim is the "alleged embezzlement" by Hollida. Unlike the types of actions in *Littles, Hansen,* and *Swarcheck,* the claim in the instant case has no 'personal' attributes. The claim does not involve bodily injury, trauma, or emotional or physical distress as outlined by the aforementioned cases. Inconsistent with *Hansen,* Chambers' claim does not allege damages to an individual's person or an invasion of the personal rights as with an action for libel, slander or mental suffering. Chambers does not provide this Court with any direction as to the status of the embezzlement allegations as no criminal conviction against the debtor under West Virginia law or pending state civil action for recovery is mentioned.

### V. Conclusion

The Court finds that this claim of debtor's alleged embezzlements is not a personal injury tort in nature and that the claim in question is properly within the jurisdiction of the United States Bankruptcy Court for the Northern District of West Virginia. The Court finds that resolution of the claim herein does not require such consideration as to remove liquidation of the claim to the district court. Accordingly, the Court **ORDERS**

1. That the Motion for Withdrawal of Reference (Document No. 2) by movant-creditor Chambers Chiropractic Offices, C.C., is **DENIED** and the matter **REMANDED** to the United States Bankruptcy Court for the Northern District of West Virginia; and

2. That this matter be **DISMISSED** from the active docket of the Court.

The Clerk shall provide a certified copy of this Order to the Clerk of the Bankruptcy Court for the Northern District of West Virginia and shall provide a true copy of this Order to counsel of record herein.

It is so **ORDERED.**